### 29954. TAMPLIN v. THE STATE.

*Note:* The following was added by the Court to this case after its publication on page 20, ante.

ON EXTRAORDINARY MOTION FOR REHEARING

PER CURIAM.

The decision in this death case (235 Ga. 20 (218 SE2d 779)) was rendered on September 11, 1975. On December 9, 1975, within the term at which the decision was rendered, new counsel representing the defendant filed an extraordinary motion for rehearing asserting ineffective assistance of counsel upon two grounds not heretofore raised. One of these new grounds is that no transcript of the Witherspoon voir dire of the jury appears of record.[1] See *Ross v. State,* 233 Ga. 361 (3) (211 SE2d 356) (1974); *Owens v. State,* 233 Ga. 869 (2) (214 SE2d 173) (1975); *Coker v. State,* 234 Ga. 555 (7) (216 SE2d 782) (1975).

"Normally it is the obligation of the party who asserts error to show it affirmatively by the record (see *Kemp v. State,* 226 Ga. 506(2) (175 SE2d 869)). However, Code Ann. § 27-2537 requires that this court determine 'whether the sentence of death was imposed under the

---

[1]The other ground is without merit. United States v. Hayman, 342 U. S. 205, 222-223 (72 SC 263, 96 LE 232) (1952); United States v. Clark, 475 F2d 240, 246 (2d Cir. 1973).

influence of passion, prejudice, or any other arbitrary factor.' " *Owens v. State,* supra, 233 Ga. at 871-872.

By supplement to the record, it has been determined that three jurors were stricken by the state for cause based upon their opposition to capital punishment and that the transcript of the voir dire examination cannot be transmitted to this court for review during this term of court. See Code Ann. § 2-3705, § 24-3801.

It is therefore ordered as follows: The judgment of this court affirming defendant's conviction is reaffirmed, but the judgment of this court affirming defendant's sentence to death is vacated, and the case is remanded to the trial court with direction that the trial court complete the transcript as to the voir dire examination of jurors so that this court can pass upon the appeal. Code Ann. § 6-809 (b).

If the voir dire examination cannot be transcribed, the trial court is directed to grant a new trial as to sentence or, in lieu thereof, vacate the death sentence and sentence the defendant to life in prison.

*Judgment affirmed in part, vacated in part and remanded with direction. All the Justices concur, except Gunter, J., who concurs in the judgment only.*