25804. KEMP v. THE STATE.

SUBMITTED MAY 11, 1970—DECIDED JUNE 9, 1970—
REHEARING DENIED JUNE 25, 1970.

C. B. King, for appellant.

Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Marion O. Gordon, Courtney Wilder Stanton, Assistant Attorneys General, for appellee.

FELTON, Justice. This is an appeal from a judgment of conviction and a life sentence for the crime of rape.

1. The court did not err in its judgment denying the defendant's motion challenging the array of the grand and traverse juries, since no prima facie case of racially motivated systematic exclusion was established, under the holding in Whitus v. Georgia, 385 U. S. 545 (86 SC 1761, 16 LE2d 895) and Jones v. Georgia, 389 U. S. 24 (88 SC 4, 19 LE2d 25), by the evidence, which showed that the jury lists from which the defendant's grand and traverse juries were drawn were compiled in accordance with *Code* § 59-106, as amended (Ga. L. 1967, p. 251);

the source list utilized was the voters' registration list as used in the last general election preceding the compilation; the list of registered electors did not identify racially the persons thereupon listed; there were approximately 6,000 names on the list of voters; the racial composition of the voters' registration list was not established; the percentage of Negroes on the jury lists was not sufficiently established; and the numbers of Negroes on the grand and traverse venires and juries are not shown.

2. Even if the court erred in disallowing defendant's challenge for cause of two traverse jury veniremen, such error would not be reversible, since the record shows that these two were stricken by defendant's peremptory challenges and that the only two jurors impaneled after defendant had exhausted his peremptory challenges were the twelfth juror and an alternate juror, about the inclusion of which there is no complaint. Cf. *Bland v. State,* 210 Ga. 100, 101 (78 SE2d 51) and cit. "The burden is on him who asserts error to show it affirmatively by the record." *Roach v. State,* 221 Ga. 783 (4) (147 SE2d 299).

3. The court did not err in overruling the motion for a new trial, which did not complain of the overruling of the defendant's motion for a directed verdict, which latter ruling, unappealed from, became the law of the case as to the sufficiency of the evidence to establish lack of consent. Moreover, the evidence authorized the finding that whatever apparent consent was evident was obtained through a present and immediate fear of serious bodily injury. *Mathis v. State,* 224 Ga. 816 (165 SE2d 140) and cit.

4. Where the court instructed the jury that, "If you find the force used, if you find any was used, was sufficient to overcome her will so that her will ceased to operate against the consummation of the carnal act, that would be sufficient force," that force or threat of serious bodily harm is a necessary element to constitute the crime of rape, and that "However, if you find the female first resisted but afterwards finally consented to the sexual act and that her will ceased to operate against this assault, the offense would not be rape," it was not error to fail to further instruct them to the effect that consent, if obtained by the use of threats or by the use of force must be based upon reasonable

fears and not upon an unreasonable or unreasoning timidity. There was no evidence that the "consent," if any, was based upon "unreasonable or unreasoning timidity." On the contrary, the evidence shows that the victim was accosted in her own home by the defendant, an uninvited, criminal intruder, who was armed and threatened to kill her; that, throughout the ordeal, she continually requested that the defendant not kill her, her three-weeks-old baby or her three-year-old sister in the house with her; and that the victim made an immediate complaint.

The verdict and judgment against the defendant were not error for any reason urged.

*Judgment affirmed. All the Justices concur.*