48782. LYLE v. THE STATE.
48783. SHELTON v. THE STATE.

Stolz, Judge.

The defendants were jointly indicted, arrested on a bench warrant, tried and convicted in the Superior Court of Clayton County, of distributing Lysergic Acid Diethylamide (LSD) without lawful authority to do so, and sentenced to 5 years' imprisonment. Each defendant appeals from the denial of his motion for new trial. The enumerations of errors in both appeals are identical. Consequently, both will be considered together. *Held:*

1. The defendants enumerate as error the failure of the trial judge to sustain their motions for mistrial based on the district attorney's repeated attempts (8) to inject hearsay evidence into the case in the presence of the jury. All of the defendants' objections to the hearsay were sustained by the trial judge and none of the hearsay got before the jury. After the district attorney's last attempt to inject hearsay (and on defendants' motion for mistrial) the trial judge strongly admonished the district attorney and subsequently instructed the jury to completely disregard any hearsay that they may have heard. The grant or failure to grant a motion for mistrial under circumstances such as are presented in this case, rests in the sound discretion of the trial judge and will not be disturbed unless manifestly abused. *Domingo v. State,* 213 Ga. 24 (4) (96 SE2d 896) and cits.

2. The defendants contend that the LSD tablets were not properly identified (in that one witness testified that they were purple when received and they were brown at the trial—the contended difference in color being left unexplained) so as to be admitted in evidence. The evidence showed that the tablets introduced in evidence had been obtained through the defendants, and that they contained LSD. They were competent evidence and properly admitted. The difference in their color

would go to the weight of the evidence, not its admissibility.

3. The defendants allegedly sold the LSD to investigating officers in September 1971, were indicted on December 2, 1971, arrested on December 6, 1971, made bond on December 9, 1971, and moved to quash the indictments on March 17, 1972. The motion was overruled on March 27, 1972, and trial commenced on that date. In their amended motion to quash, the defendants contend (1) that they were deprived of their right to a commitment hearing, (2) that the arrest warrant failed to meet the requirements of Code Ann. § 27-103.1 (Ga. L. 1962, p. 668) in that it failed to show the place the offense occurred, against whom the offense was committed, and a statement describing the offense, (3) that only one witness, a police officer, testified before the grand jury, and the defendants "do not believe that this officer could have given competent legal testimony regarding an offense by them sufficient to indict," and (4) that they were denied their rights of due process under the U. S. Constitution and the Constitution of this State.

(a) Grounds 1, 3, and a portion of 4 of the defendants' motion to quash as amended, require a transcript of the hearing held thereon in order to make a determination of the validity of the grounds. None has been filed in this or the trial court and hence these points cannot be considered. See *Munsford v. State,* 129 Ga. App. 547 (4) (199 SE2d 843).

(b) Ground 2 of the defendants' motion to quash complains of the failure of the indictment and arrest warrant to meet the requirements of Code Ann. § 27-103.1. Code § 27-701 prescribes the form for indictments. A review of the indictments in this case shows that the requirements of both statutes were met. The Code does not require the exact time of day or the specific location in the county to be given. It is sufficient to state the date the alleged offense was committed and the county within the state in which the same allegedly occurred. Thus, the indictment reciting: "in the County of Clayton and State of Georgia, on the 15th day of September, 1971," is sufficient to meet the time and place requirements of the two aforementioned statutes.

(c) A portion of the 4th ground of the defendants' motion to quash alleges a violation of due process arising from the delay between the date of the alleged offense (September 15, 1971) and the date of indictment (December 2, 1971). We view this contention as unmeritorious. Under Code § 27-601 an indictment may be found and filed in the proper courts at any time within four years next after the commission of the offense. The defendants cannot complain that they should have been arrested sooner.

4. The defendants enumerate as error the failure of the trial judge to give in charge the following written request: "I charge you that if a witness to a material fact in a case is not presented to testify, it may be presumed by the jury that his testimony would be adverse or prejudicial to that party, if any, whom the jury believes from the facts and circumstances of the case had the obligation to present the witness to testify, unless the jury believes that the absence of the witness has been satisfactorily explained." The net effect of this request is to charge the provisions of Code § 38-119. The trial judge correctly refused to give the requested charge, as it has been repeatedly held that such is not proper in a criminal case. *Mills v. State,* 133 Ga. 155 (5) (65 SE 368); *Waller v. State,* 164 Ga. 128, 135 (138 SE 67); *Golden v. State,* 63 Ga. App. 764, 765 (12 SE2d 107).

5. The defendants' sixth enumeration of error is directed toward the trial judge's contended failure to take proper corrective measures against prejudicial statements allegedly made by the district attorney in closing argument. The closing argument was not transcribed by the court reporter (such is not required; see Code Ann. § 27-2401) and this court has not been furnished with any stipulation in the record of reconstruction of the argument showing the prejudicial statements, the objections thereto, and the action (or inaction) taken by the trial judge. Thus, we have nothing before us on which to rule. See *Munsford v. State,* 129 Ga. App. 547 (4), supra.

6. The defendants enumerate as error the following excerpt from the trial judge's charge to the jury, "It is your sworn duty to accept these instructions and apply

the law as it is given to you. You are not permitted to change the law, nor to apply your own conception of what you think the law should be."

There is no merit in this complaint. As was noted in *Register v. State,* 10 Ga. App. 623, 628 (74 SE 429), "in the trial of criminal cases it is the *duty* of the jury to *take the law from the court,* as it is their duty to take the evidence from the witnesses." For earlier expressions of this rule, see *Brown v. State,* 40 Ga. 689, 693 and *Harris v. State,* 190 Ga. 258 (6) (9 SE2d 183).

7. The defendants enumerate as error the following excerpt from the trial judge's charge to the jury: "The burden shall be on the defendant to show his authority to possess LSD as provided by law."

The charge complained of is a correct statement of the law. In *Green v. State,* 129 Ga. App. 27 (2) (198 SE2d 343), "[t]he court charged the jury: 'Certain persons or classes of persons, such as physicians, pharmacies and the like, are authorized to sell narcotics. I charge you, however, that an individual such as the defendant on trial is not authorized to sell heroin or any other narcotic drug.' While the trial court may not express an opinion as to what has been proved in the case (Code § 81-1104), where only one inference is possible from the evidence it is not improper for the court to assume the fact to be true. *Morton v. State,* 190 Ga. 792, 801 (10 SE2d 836). The general rule is that the selling of narcotics is a criminal offense, the exception being as to certain professionals who are licensed to handle and sell them [under limited conditions]. The defendant made no contention that he was within this class [of persons], and the evidence demanded a finding that he was not. The instruction was accordingly not error on the ground that it was an expression of opinion on the part of the court." See also *Murphy v. State,* 129 Ga. App. 28 (1) (198 SE2d 344); Code Ann. § 79A-1105 (Ga. L. 1967, pp. 296, 373).

8. The defendants' 9th enumerated error complains of the trial judge's instruction to the jury regarding the form of their verdict. We find no merit in this enumeration. *Hollis v. State,* 97 Ga. App. 145 (102 SE2d 610); *Ellis v. State,* 67 Ga. App. 821 (5) (21 SE2d 316).

9. The defendants' 10th enumeration of error notes

the failure of the trial judge to charge the jury "that they are not bound by the testimony of a so-called expert witness." In the absence of a timely written request, the failure of the trial judge to charge on the subject of expert testimony is no cause for a new trial. *Godwin v. Atlantic C. L. R. Co.,* 120 Ga. 747 (6) (48 SE 139); *Cameron v. State,* 111 Ga. App. 691 (6) (143 SE2d 189).

For the foregoing reasons the trial judge did not err in overruling the defendants' motion for new trial.

*Judgment affirmed. Eberhardt, P. J., and Pannell, J., concur.*

Submitted November 9, 1973 — Decided January 7, 1974 — Rehearing denied February 19, 1974.

*Al M. Horn,* for appellants.

*William H. Ison, District Attorney, Robert E. Keller,* for appellee.