## 29381. OWENS v. THE STATE.

HILL, Justice.

This case is before this court on appeal and mandatory review of the death sentence. The appellant was indicted for murder occurring on January 21, 1974. Following a sanity trial at which the jury found against the plea of insanity, trial was held on May 27, 1974. The death sentence was imposed upon the verdicts.

The evidence showed that about 9:45 on the morning of January 21, 1974, Mrs. Pearl Fryer was standing at the "check-out" in Matt's Variety Store, in Manchester, Meriwether County, Georgia. Sammie Lewis Owens, the appellant, came into the store and stabbed Mrs. Fryer several times with a knife, causing her death. The appellant was not acquainted with Mrs. Fryer. After the

stabbing he was pursued by two men who had been in the store. He was apprehended by a Manchester policeman as he fled the scene. Medical examination of the victim's body revealed that death was caused by four stab wounds in the chest.

The sheriff testified that after arrest and following advice concerning his rights and execution of a waiver of those rights, appellant stated that on the morning of the stabbing ". . . he went to the bus station to see what time the bus was going to leave to go to Atlanta. He said, they told him at 9:52. So, he left there and walked up to Main Street. He said, he walked in the store and he said, he remembered walking in and he said, he remembered stabbing Mrs. Fryer."

After taking the stand in his own behalf and testifying that he had the feeling everybody was against him, that he felt that somebody was trying to do something to him, and that he heard voices, appellant admitted, both on direct and cross examination, stabbing the victim.

Appellant filed a motion for new trial which was amended to supplement the general grounds. The motion was overruled and this appeal followed.

Appellant enumerates as error: (1) That the trial court erred in overruling the motion for new trial on the general grounds; (2) That the court erred in excluding potential jurors who stated that they had conscientious objections to capital punishment and in overruling trial counsel's objection to the exclusion of those jurors; and (3) That the court erred in applying Georgia's unconstitutional death statute to appellant and in refusing to declare unconstitutional Ga. L. 1973, pp. 159-172, which provides for the discretionary imposition of the death penalty.

1. The foregoing summary of the evidence admitted at the trial indicates that the appellant killed the victim by stabbing her to death. Although conflicting, there was evidence to support the jury's finding that the accused was sane at the time of commission of the offense. The enumeration of error on the general grounds with respect to guilt or innocence is without merit. Insofar as the general grounds pertain to punishment, these

considerations are within the court's responsibility for sentence review.

2. In Enumeration 2 appellant avers that the trial court erred in excluding potential jurors who stated that they had conscientious objections to capital punishment and in overruling trial counsel's objection to the exclusions.

The standards of jury selection applicable in death cases are set forth in Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), as amplified in Boulden v. Holman, 394 U. S. 478 (89 SC 1138, 22 LE2d 433), and Maxwell v. Bishop, 398 U. S. 262 (90 SC 1578, 26 LE2d 221). Witherspoon held that "a sentence of death cannot be carried out if the jury that imposed or recommended it was chosen by excluding veniremen for cause simply because they voiced general objections to the death penalty or expressed conscientious or religious scruples against its infliction." Witherspoon, supra, pp. 521-523. Such a venireman cannot be excluded unless he makes it unmistakably clear that he would vote against the death penalty regardless of what transpires at trial, or that his attitude on the death penalty would prevent him from impartially passing on the issue of guilt, or that he could not subordinate his personal feelings on the death penalty to his oath as a juror to obey the law of the state as charged by the trial court. See *Simmons v. State,* 226 Ga. 110 (12) (172 SE2d 680); *Miller v. State,* 224 Ga. 627 (8) (163 SE2d 730).

In the present case, although portions of the voir dire examination of the veniremen appear in the transcript, the examination as it relates to Witherspoon did not appear in the transcript as it was originally transmitted to this court. The clerk of the trial court states that the reporter has nothing more on the questioning. The transcript does show that appellant objected to the method of selecting the jury.

Normally it is the obligation of the party who asserts error to show it affirmatively by the record (see *Kemp v. State,* 226 Ga. 506 (2) (175 SE2d 869)). However, Code Ann. § 27-2537 requires that this court determine "whether the sentence of death was imposed under the influence of passion, prejudice, or any other arbitrary

factor." In *Ross v. State,* 233 Ga. 361 (211 SE2d 356), this court forecast the result reached in this case by requiring the Witherspoon examination to be transcribed and transmitted, citing Funicello v. New Jersey, 403 U. S. 948 (91 SC 2278, 29 LE2d 859). In Funicello, the petitioner sought post-conviction relief relative to the imposition of the death penalty. His attack was based on the Witherspoon issue and on the double sentencing standard issue involved in United States v. Jackson, 390 U. S. 510 (88 SC 1209, 20 LE2d 138). The New Jersey Supreme Court had denied the requested relief (State v. Funicello, 52 N. J. 263, 292 (245 A2d 181)), and had said: "As to [petitioner], the [Witherspoon] issue is asserted in abstract terms, without any reference to the voir dire examination. In fact, no transcript of the voir dire was submitted either on this review or on direct appeal from the judgment of conviction, and so far as we have been able to learn, the testimony of the veniremen was never transcribed." In its memorandum opinion the United States Supreme Court reversed the judgment insofar as it imposed the death sentence and remanded for further proceedings, citing Witherspoon, Boulden and Maxwell, supra, as well as Jackson v. Georgia, 408 U. S. 238, discussed below.

Code Ann. § 6-805 (d) provides that "Where a trial in any civil or criminal case is reported by a court reporter, all motions, colloquies, objections, rulings . . . and all other proceedings which may be called in question on appeal . . . shall be reported . . ." In light of Witherspoon, supra, Code Ann. § 27-2401 does not diminish this requirement.

In the instant case, the amended motion for new trial stated that the trial court excluded potential jurors who stated that they had conscientious objections to the death penalty, and that movant objected to said exclusion but that the court overruled the objection and allowed the jurors to be excluded. The recital of facts contained in the amendment was approved as true and correct.

For the reasons given above, a motion made by the state for permission to supplement the trial transcript pursuant to Code Ann. § 6-805 (f) has been denied. A post-trial examination of lawyers and court officials, or of excluded veniremen, would not be a satisfactory means

for this court to perform its review function.

We hold that failure to record the Witherspoon voir dire in a case in which the sentence of death is imposed, is reversible error. We therefore reverse the judgment in this case insofar as it imposed the death sentence and remand it to the trial court for a new trial on the question of the sentence. *Horton v. State,* 228 Ga. 690 (187 SE2d 677); *Cash v. State,* 231 Ga. 285 (201 SE2d 625); *Ross v. State,* 233 Ga. 361, supra.

3. In Enumeration 3 the appellant makes a general attack on the death sentence imposed under Ga. L. 1973, pp. 159-172 (Code Ann. § 27-2534.1 et seq.), as being unconstitutional according to Furman v. Georgia and Jackson v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346), and alleges error in the refusal by the trial judge to declare the statute unconstitutional because it involves discretion. This court has upheld the constitutionality of the statute in *Coley v. State,* 231 Ga. 829 (204 SE2d 612), *Eberheart v. State,* 232 Ga. 247 (206 SE2d 12), *House v. State,* 232 Ga. 140 (205 SE2d 217), and *Moore v. State,* 233 Ga. 861. We are not persuaded that the decisions in those cases should be reversed.

In *Coley* and *Moore,* supra, this court addressed the issue of discretion in the Georgia Death Penalty Statute, Code Ann. § 26-2001 and Code Ann. § 27-2534.1 et seq., in light of Furman v. Georgia and Jackson v. Georgia, supra, and found that the system of dispensation of the death penalty provided by the state does not offend the principles of decision of the U. S. Supreme Court in Furman and Jackson (*Coley,* supra, p. 835). Although we find this enumeration to be without merit, the constitutionality of the application of the death penalty to appellant must be determined upon review of the sentence by this court pursuant to the cited statute. However, in light of our holding in Division 2 of this opinion, the death penalty is reversed and the case is remanded to the trial court.

*Judgment reversed with direction. All the Justices concur, except Gunter and Ingram, JJ., who dissent. Jordan, J., disqualified.*

874

*Bishop & Hudlin, Richard A. Hudlin, Jr.,* for appellant.

*Eldridge W. Fleming, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

GUNTER and INGRAM, Justices, dissenting.

The majority opinion does not reach the trial court's charge to the jury on the issue of insanity in this case. The record shows this charge placed the burden of proof on the defendant and, therefore, is constitutionally infirm under the dissenting opinions filed in *Grace v. State,* 231 Ga. 113, 117 (200 SE2d 248).