## 49942. PARROTT v. THE STATE.

STOLZ, Judge.

The defendant appeals from his conviction of theft by receiving stolen property, and the 18-month sentence.

1. " 'After the verdict, the testimony is construed in its most favorable light to the prevailing party, which in this case is the State, for every presumption and inference is in favor of the verdict. *Bell v. State,* 21 Ga. App. 788 (95 SE 270).' *Wren v. State,* 57 Ga. App. 641, 644 (196 SE 146). This rule applies in cases dependent upon circumstantial evidence as well as others . . . 'Knowledge that goods are stolen is an essential element of the crime of receiving stolen goods. It may be shown by circumstances which would excite suspicion in the mind of an ordinarily prudent man.' *Nichols v. State,* 111 Ga. App. 699 (2) (143 SE 41). Accord: *Prather v. State,* 116 Ga. App. 696 (1) (158 SE2d 291)." *Hudgins v. State,* 125 Ga. App. 576, 578 (188 SE2d 430).

The defendant's scienter was sufficiently proved here by the circumstantial evidence that the stolen property, a "brand new" dishwasher, had been installed and was intact in an unoccupied house under construction on January 18, 1971, was missing therefrom on January 20, 1971, and was found installed in the defendant's home a short distance away on January 21, 1971, with the serial number removed; that the unfilled-in guaranty form for the machine was found in the defendant's garbage can; and that no packing crate or box was found on his premises.

2. The appellant enumerates as error the jury's finding him guilty of the "felony" of theft by receiving stolen property (Code Ann. § 26-1806; Ga. L. 1968, pp. 1249, 1292; 1969, pp. 857, 859) in the absence of any evidence, in the trial on his guilt or innocence, that the value of the stolen property exceeded $100, so as to

constitute a felony under Code Ann. § 26-1812 (a) (Ga. L. 1968, pp. 1249, 1295; 1972, pp. 841, 842). It must be noted that § 26-1806, supra, does not designate the offense as either a felony or a misdemeanor, and that the value of the stolen property is relevant under § 26-1812 (a), supra, only for the purpose of sentencing, i.e., to determine whether the punishment shall be as for a misdemeanor or a felony.

The only evidence of the value of the stolen property in this case is contained in the transcript of the pre-sentence hearing, which, as filed in this court, quotes the investigating police officer's testimony that, based upon his experience and his investigation, "it was worth anywhere from ten cents to three dollars." The appellant contends that this is an erroneous transcription and that the actual testimony was "$100 to $300." Pursuant to this court's direction under the provisions of Code § 6-805 (Ga. L. 1965, pp. 18, 24), the state attempted, unsuccessfully, to locate the tapes of the hearing which were used by the reporter, now deceased, to make up the transcript.

Under Code Ann. §§ 6-805 (a) and 27-2401 it is the duty of the state in all felony cases to have the transcript of evidence and proceedings reported and prepared and, after a guilty verdict has been returned, to file the transcript. The failure of the state to file the transcript, or a correct transcript, even where caused, as here, by its inability to file it (and not by the appellant's fault), effectively denied the appellant his right to appeal because a complete and correct transcript of his trial is not available to him. *Wade v. State,* 231 Ga. 131, 133 (1) (200 SE2d 271).

Accordingly, the portion of the judgment sentencing the defendant to felony punishment is reversed, and the case is remanded to the trial court for the purpose of conducting another pre-sentencing hearing to determine the value of the stolen property, based on which the defendant shall be resentenced as for a misdemeanor or a felony, according to the value proved.

*Judgment affirmed in part; reversed in part, and remanded with direction. Deen, P. J., and Marshall, J., concur.*

SUBMITTED NOVEMBER 7, 1974 — DECIDED MARCH 5, 1975.

*Horace T. Clary,* for appellant.
*F. Larry Salmon, District Attorney,* for appellee.