## 31266. NEWELL v. THE STATE.

Per curiam.

The defendant appeals from his conviction for armed robbery and 20-year prison sentence.

From the evidence presented at trial the jury was authorized to find that the defendant entered a service station late on the night of December 20, 1974. He pointed a shotgun at the owner and demanded his money. The owner handed him some money and some fell onto the floor. When the owner refused to pick up the money, the owner's son came out from the back of the station and handed the defendant the money because he feared his father would be harmed. The defendant left taking $1,500 with him. Both the owner and his son gave a detailed description of the defendant to the police. They later identified his picture and at trial both testified that the defendant was the man who had robbed them.

The defendant's brother-in-law testified that the defendant had told him of his intention to rob the service station and that after the robbery the defendant told him that he had done so.

1. The defendant contends that the indictment should have been quashed because he had been denied a preliminary hearing and because the indictment was based upon evidence obtained by an illegal search and seizure.

In *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976), a majority of this court (three Justices dissenting) held that a preliminary hearing is not a required step in a criminal prosecution and that once an indictment is obtained the failure to hold a commitment hearing is not subject to appellate review. A majority of this court reaffirm *State v. Middlebrooks* and find that it is controlling here.

There is no merit to the defendant's argument that the indictment should fail because it was based on illegally obtained evidence. See United States v. Calandra, 414 U. S. 338 (94 SC 613, 38 LE2d 561) (1973).

2. Before trial the defendant made a written motion for complete recordation of all proceedings including opening statements and closing arguments of counsel. The court granted the motion except as it related to opening statements and closing arguments. The defendant enumerates as error the failure of the court to provide for the recording of counsel's opening and closing statements. His argument is that as an indigent, he was denied a right which a wealthier defendant can obtain.

Code Ann. § 27-2401 specifically states that the arguments of counsel need not be recorded. See also *Lyle v. State,* 131 Ga. App. 8, 10 (205 SE2d 126) (1974). The defendant relies on *Carson v. State,* 136 Ga. App. 572 (222 SE2d 120) (1975), in which the Court of Appeals reversed a conviction because of allegedly improper remarks by the district attorney during closing argument. In *Carson,* the trial court denied the defendant's request that the arguments of counsel be recorded at his expense. Code Ann. § 6-805 (j) provides for the reporting of cases at the party's expense as a matter of right. In the case before us the defendant did not offer to pay for the recordation, therefore Code Ann. § 6-805 (j) is not applicable here.

In this case, even if the defendant's equal protection contention had merit, there is no showing of how he was harmed by the absence of a record of the opening statement. During the district attorney's statement, defense counsel objected to his relating to the jury a conversation held outside the presence of the defendant. As is customary, the court reporter recorded the objection. The court sustained the objection and the district attorney

withdrew the statement. No other objection to the opening statement was made. The case before us is therefore different from the case faced by the Court of Appeals in *Carson,* supra. Since the defendant has not shown that he was harmed by the court's denial of his motion, he is not entitled to reversal. *Chenault v. State,* 234 Ga. 216, 220 (215 SE2d 223) (1975); *Hall v. State,* 202 Ga. 619 (44 SE2d 234) (1947).

3. We have examined the defendant's other enumerations of error and find them to be without merit.

*Judgment affirmed. All the Justices concur, except Ingram and Hill, JJ., who concur specially, and Gunter, J., who dissents.*

SUBMITTED JUNE 18, 1976 — DECIDED SEPTEMBER 8, 1976.

*G. L. Dickens, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Charles D. Newberry, Assistant District Attorney, Arthur K. Bolton, Attorney General, Isaac Byrd, Staff Assistant Attorney General,* for appellee.

HILL, Justice, concurring specially.

Notwithstanding my dissent in *State v. Middlebrooks,* 236 Ga. 52 (222 SE2d 343) (1976), to which I adhere, I concur in the judgment in this case for the reason that the defendant has failed to show how he was harmed in any way by the failure of the state to afford him a commitment hearing. Six pre-trial hearings were held, and the defendant has been unable to show how a commitment hearing would have helped him or how the denial of it harmed him.

I am authorized to state that Justice Ingram joins in this special concurrence.