## 54204. LYNCH v. THE STATE.

SHULMAN, Judge.

A jury found appellant guilty of conspiracy to commit murder. This appeal follows the denial of a motion for a new trial.

1. Appellant, citing *Mayor &c. of Savannah v. Palmerio,* 135 Ga. App. 147 (217 SE2d 430), urges that the judge erred in failing to consider the admissibility of certain tape recordings outside the presence of the jury. These tape recordings consisted of conversations between appellant and a state agent and the state agent and an alleged co-conspirator.

"When the admissibility of evidence is challenged, a hearing out of the presence of the jury on the question of admissibility is often appropriate and sometimes required. [Cits.]" *Coats v. State,* 234 Ga. 659 (2) (217 SE2d 260). If appellant had properly objected to the admission of the evidence, a hearing out of the jury's presence would have been required. *Mayor &c. of Savannah v. Palmerio,* supra. However, appellant failed to object to the admission of the evidence. Accordingly, this enumeration presents nothing for consideration. *Willis v. State,* 122 Ga. App. 776 (6) (178 SE2d 737); *Johnson v. State,* 136 Ga. App. 719 (1) (222 SE2d 181); *Archie v. State,* 137 Ga. App. 386 (2) (224 SE2d 64); *Smith v. State,* 139 Ga. App. 515 (2) (228 SE2d 705).

2. The court reporter declined to certify the accuracy and content of the transcript of the tape-recorded conversations because of the poor quality of the tapes. Appellant asserts that he was effectively denied his right to appeal because a complete and correct transcript of his trial was not available to him. See *Wade v. State,* 231 Ga. 131 (1) (200 SE2d 271); *Parrott v. State,* 134 Ga. App. 160 (214 SE2d 3); Code Ann. § 27-2401. It is submitted that the denial of a motion for a complete transcript constituted error.

Although the recordings were inaudible in part, the unintelligible portions do not appear so substantial as to render the recording wholly untrustworthy as evidence or to foreclose appellate review.

Appellant does not aver that there was anything

favorable to him in the inaudible portions of the tapes. We are led to the conclusion that he was not harmed. *Harris v. State,* 237 Ga. 718 (5) (230 SE2d 1) (1976).

*Judgment affirmed. Quillian, P. J., and Banke, J., concur.*

SUBMITTED JULY 11, 1977 — DECIDED SEPTEMBER 6, 1977.

*M. Gene Gouge,* for appellant.
*Charles A. Pannell, Jr., District Attorney,* for appellee.