## 55967. HAMILTON v. THE STATE.

WEBB, Judge.

Harold Eugene Hamilton and Michael Lee Petty were indicted and tried together for the offense of rape. Hamilton was found guilty of aggravated assault with intent to rape, and Petty was found guilty of simple battery. Only Hamilton has appealed, enumerating seven alleged errors, as follows: (1) the verdicts were inconsistent; (2) the evidence was insufficient to go to the jury and his motion for a directed verdict of acquittal should have been granted; (3) error was committed by the trial judge in charging that the cost of trials and calendar backlog were elements to consider in reaching a verdict; (4) the trial court erred in failing to rule as inadmissible testimony of previous rapes in the area; (5) the trial court erred in reviewing only part, and not all, of the state's file to determine if there were any exculpatory information; (6) the trial court erred in failing to order the state to give the defendant information in its file which might not be favorable to defendant in his defense; and, (7) the trial court erred in failing to have all proceedings of the trial reported and transcribed.

We find no merit in any of these contentions, and affirm.

1. Hamilton's argument that a verdict of simple battery against his co-defendant was inconsistent with the verdict of aggravated assault with intent to rape against him is premised on an inaccurate conclusion as to

fact. The conduct of both accused was not identical. The evidence showed that only Hamilton beat or abused the victim, that he failed to penetrate the victim sexually, and that it was he who forced the victim to remain in the car. The fact that the other accused did have sexual intercourse with the victim but was not found guilty of rape in no way negates the conclusion that Hamilton could have raped the victim or assaulted her with intent to rape. The offense for which Hamilton was convicted, and that for which his co-defendant was found guilty, although proximate, are separate in that each was established by proof of different facts and each is distinct as a matter of law. *Kramer v. Hopper,* 234 Ga. 395, 397 (216 SE2d 119) (1975); *Smith v. State,* 144 Ga. App. 785, 786 (242 SE2d 376) (1978).

2. The next contention by Hamilton is that the conviction was erroneous because evidence of force and corroboration was lacking. Hamilton was not convicted of the crime of rape, and while we think there was sufficient evidence of force and some amount of corroboration, these elements were not necessary for the conviction of aggravated assault. The evidence was sufficient to support the verdict.

3. The accused lifts from the trial court's charge two portions uttered at different times which he says were so erroneous as to require reversal. One statement after the jury had deliberated four and a half hours the first afternoon was: "These cases are rather expensive to bring to court . . . We simply don't have the time to keep trying cases twice, so therefore, the responsibility is on the court to give you all the time you need to go into all angles of the case and come up with a verdict in both cases." The other statement lifted out by the accused was made the next day after the jury had deliberated some five hours, the court saying to the jury, "We have a push of cases and we simply have to have cases brought to a conclusion if there is any way we can do it."

As to the first portion, the court said immediately following those words, "and we want to give all the time necessary and proper to come up with a verdict in this case." As to the second, the court had called the jury in to inquire about their progress in reaching a verdict, and he

told them: "I am very interested in the jury having all the time you need to make a verdict in the case . . . I want everybody of course to feel free, you use your judgment and your best judgment in these matters, but certainly I want to give you every opportunity to make your verdict in this case."

The charge, when taken as a whole, was proper and correct. *Perkins v. State,* 141 Ga. App. 893 (1) (234 SE2d 715) (1977).

4. A police officer explained that he was in the area of the crime committed checking side streets because of a previous rape when he came upon the victim and her assailants. The officer made it quite clear that there was nothing whatsoever implied that would tie these two accused to any other rape. "Evidence which otherwise may be inadmissible in some instances becomes admissible in order to explain conduct." *Adams v. State,* 142 Ga. App. 252, 253 (2) (235 SE2d 667) (1977).

5. Contrary to Hamilton's complaint that the trial court did not review and provide to him evidence favorable to his defense, pursuant to Brady v. Maryland, 373 U. S. 83, the record indicates that the trial court reviewed the victim's statement and all items in the state's file, and the district attorney had read to counsel for the accused the victim's statement. For the accused to succeed in his claim he must show that there was suppression of evidence and that the suppression affected the outcome of the trial. *Dickey v. State,* 240 Ga. 634, 635 (1), 636 (242 SE2d 55) (1978). This he has failed to do. Further, there is no right in an accused to have the state's file. *Barker v. State,* 144 Ga. App. 339 (1) (241 SE2d 11) (1977); *Howard v. State,* 144 Ga. App. 208, 211 (1) (240 SE2d 908) (1977); *Tippins v. State,* 146 Ga. App. 448 (1978). Neither enumerated error 5 nor 6 has merit.

6. Failure of the trial court, absent request, to have reported voir dire and opening statements of counsel was not error. Code Ann. § 27-2401; *Newell v. State,* 237 Ga. 488, 489 (2) (228 SE2d 873) (1976).

*Judgment affirmed. Quillian, P. J., and McMurray, J., concur.*

ARGUED JUNE 7, 1978 — DECIDED JULY 3, 1978 —

Rehearing denied July 28, 1978 —

*Wayne A. Coe,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Assistant District Attorney,* for appellee.