## 58828. GRAHAM v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. The two grounds raised by his enumerations of error are: "1. The Court erred in overruling defendant's objection and motion for mistrial and in failing to give curative instructions to impanelled and prospective jurors resulting from prejudicial remarks elicited by the Assistant District Attorney during voir dire questioning, which unlawfully placed defendant's character in issue. 2. The Court erred in failing to sustain defendant's objection and motion for mistrial, and in failing to rebuke an officer of the Court (counsel for co-defendant), and to give curative instructions to the jurors resulting from prejudicial and unlawful comments made by such officer."

1. The voir dire was not transcribed and after conducting two hearings to determine what transpired the trial judge entered an order reciting "the undersigned Judge of the Superior Court of Thomas County, Georgia who presided at the trial of said case on December 15, 1978 is unable to recall with certainty the statements made by R. J. Ramsey, the prospective juror in said case, during voir dire questioning." Since this is a criminal case the question arises as to whether a transcript of the voir dire is required. For, if so, it was error to fail to record the proceedings on voir dire. *Wade v. State,* 231 Ga. 131 (200 SE2d 271); *McElwee v. State,* 147 Ga. App. 84 (248 SE2d 162). Code Ann. § 6-805 (a) (Ga. L. 1965, pp. 18, 24) provides that: "In all felony cases, the transcript of evidence and proceedings shall be reported and prepared as provided in

Code Section 27-2401, or as may hereafter be provided by law." Code Ann. § 27-2401 (Code § 27-2401; as amended through 1976, pp. 991, 992) requires: "On the trial of all felonies the presiding judge shall have the testimony taken down, and, when directed by the judge, the court reporter shall exactly and truly record, or take stenographic notes of, the testimony and proceedings in the case, except the argument of counsel. In the event of a verdict of guilty, the testimony shall be entered on the minutes of the court or in a book to be kept for that purpose." In *Aiken v. State,* 226 Ga. 840, 842 (178 SE2d 202), the Supreme Court pointed out: "Construing Code Ann. § 6-805 with Code § 27-2401, it would appear that in a felony case all testimony and proceedings in the case must be reported, except the argument of counsel." The court then reiterated this fact in *Brown v. State,* 242 Ga. 602 (250 SE2d 491): "Code § 27-2401 mandates the transcription of the proceedings in all felonies *except the argument of counsel.*"

It should be observed that in two decisions the Supreme Court found the necessity for transcribing the voir dire proceedings in death cases, but predicated their rationale on Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776), rather than relying on Code § 27-2401. See *Ross v. State,* 233 Ga. 361, 367 (211 SE2d 356); *Owens v. State,* 233 Ga. 869, 871 (214 SE2d 173). In *Owens,* 233 Ga. 869, 872, supra, referring to Code § 27-2401 the court remarked, somewhat cryptically: "Code Ann. § 6-805 (d) provides that 'Where a trial in any civil or criminal case is reported by a court reporter, all motions, colloquies, objections, rulings . . . and all other proceedings which may be called in question on appeal . . . shall be reported . . .' In light of Witherspoon, supra, Code Ann. § 27-2401 does not diminish this requirement."

In two opinions this court has espoused the view that the voir dire need not be transcribed. In *Watts v. State* 141 Ga. App. 127 (1) (232 SE2d 590), we stated: "This case did not authorize the imposition of the death sentence, consequently there was no requirement to provide a verbatim transcript of the entire voir dire to enable this court to determine possible issues falling within the holding of Witherspoon v. Illinois, 391 U. S. 510 (88 SC

1770, 20 LE2d 776)." No authority was cited for that proposition. In *Hamilton v. State,* 146 Ga. App. 884 (6) (247 SE2d 551), we held: "Failure of the trial court, absent request, to have reported voir dire and opening statements of counsel was not error." There the opinion cited Code Ann. § 27-2401 and *Newell v. State,* 237 Ga. 488, 489 (228 SE2d 873). Of course, the *Newell* case is authority only for the principle that opening statements of counsel need not be reported.

While the issue is not entirely free from doubt, after careful reconsideration the author of the opinion is now convinced that he erroneously concurred in the two cited decisions rendered by Court of Appeals: *Watts v. State,* 141 Ga. App. 127, supra, and *Hamilton v. State,* 146 Ga. App. 884, supra.

The language of the Code sections is clear in its command that the testimony and the proceedings be reported in a felony case. The Supreme Court has so interpreted the provisions. See *Aiken v. State,* 226 Ga. 840, supra, and *Brown v. State,* 242 Ga. 602, supra. In a situation such as the case sub judice, the defendant is entitled to have the voir dire reported or transcribed and is harmed by the failure to do so. For the benefit of the bench and bar *Watts v. State,* 141 Ga. App. 127, supra, and *Hamilton v. State,* 146 Ga. App. 884, supra, are hereby overruled insofar as they do not require the voir dire to be recorded.

Assuming but not deciding that the failure to record the voir dire might not be harmful error in some situations, here the defendant contended that the assistant district attorney elicited from a prospective juror a statement prejudicial to defendant's character. The trial judge was unable to recall the statements. Thus, the defendant was effectively denied his right to assert error by the record due to the failure to transcribe the voir dire. See *Wade v. State,* 231 Ga. 131, 133, supra. It was reversible error to fail to record the voir dire in this case.

2. The remaining enumeration of error attempts to raise the issue that counsel for a co-defendant illegally commented on the defendant's failure to take the stand and testify. This issue will not recur on a retrial since that co-defendant was found not guilty.

*Judgment reversed. Smith, Shulman, Birdsong, Carley and Sognier, JJ., concur. Deen, C. J., McMurray, P. J., and Banke, J., dissent.*

SUBMITTED NOVEMBER 19, 1979 — DECIDED FEBRUARY 28, 1980 —

*Thomas H. Vann, Jr.,* for appellant.
*H. Lamar Cole, District Attorney,* for appellee.

McMURRAY, Presiding Judge, dissenting.

Defendant was indicted, tried, and convicted of the offense of burglary; and sentenced to serve a term of ten years. Defendant's motion for new trial was filed and denied, and he appeals, alleging reversible error in the denial of two motions for mistrial in that the court failed to give curative instructions with reference to certain alleged prejudicial remarks elicited by an assistant district attorney during voir dire questioning and in failing to rebuke counsel and in failing to give further curative instructions to the jurors resulting from other alleged prejudicial and unlawful comments made by counsel on another occasion.

The majority has considered only one issue found in two of the enumerations of error and has not considered the other enumeration of error contending that on a retrial that issue would not recur inasmuch as the co-defendant involved was found not guilty. The majority reverses with reference to the alleged statements made by the prospective juror during voir dire questioning simply because the voir dire was not transcribed by the court reporter inasmuch as Code Ann. § 27-2401 (Ga. L. 1973, pp. 159, 169; 1976, pp. 991, 992) mandates that in all felony cases the presiding judge must not only have the testimony taken down but also the proceedings in the case (including the voir dire as to prospective jurors) "except the argument of counsel." Code Ann. § 27-2401, supra. Also, in the opinion by the majority, *Watts v. State,* 141 Ga. App. 127 (1) (232 SE2d 590), and *Hamilton v. State,* 146 Ga. App. 884 (6) (247 SE2d 551), are overruled "insofar as they

do not require the voir dire to be recorded."

I do not agree with the majority here that it was reversible error to fail to record the voir dire in the case sub judice nor do I agree with the majority that the above cases should be overruled. There are many instances in which the voir dire hearing is not transcribed and no harmful error results. This also may be due to waiver on the part of a defendant or it may be that a defendant, who is not indigent, seeks to lower the cost of the transcript by not having the voir dire transcribed and reported. Certainly under the facts of such cases as *Wade v. State,* 231 Ga. 131 (200 SE2d 271); *McElwee v. State,* 147 Ga. App. 84 (248 SE2d 162); and *Parrott v. State,* 134 Ga. App. 160, 161 (2) (214 SE2d 3), where the failure to prepare the transcript of the evidence and the proceedings results in harmful error to the defendant in which he is not at fault a new trial was necessary.

In *Wade v. State,* 231 Ga. 131 (1), supra, due to no fault of the defendant, the stenographic notes were lost and the same were not prepared by any other method such as a stipulation of the evidence and proceedings or narrative of the brief of evidence and proceedings, both authorized by Code Ann. § 6-805 (Ga. L. 1965, pp. 18, 24). A new trial was necessary.

Again, in *Parrott v. State,* 134 Ga. App. 161, supra, the pre-sentencing stage of a trial was reversed because the absence of the transcript and proceedings "effectively denied the appellant his right to appeal."

Again, in *McElwee v. State,* 147 Ga. App. 84, supra, a very vital part of the evidence was lost due to the failure of the transcription equipment which also effectively denied the defendant his right of appeal because a complete and correct transcript of the proceedings was not otherwise available to him.

However, in *Lynch v. State,* 143 Ga. App. 188 (2) (238 SE2d 122), this court refused to grant a new trial wherein a portion of the transcript with reference to tape recorded conversations was of such poor quality as to be inaudible in part inasmuch as this court determined "the unintelligible portions do not appear so substantial as to render the recording wholly untrustworthy as evidence or to foreclose appellate review." This court held that the

defendant therein did not aver there was anything favorable to him "in the inaudible portions of the tapes." This court therein held that no harmful error was shown, citing *Harris v. State,* 237 Ga. 718, 723-725 (5) (230 SE2d 1).

In *Harris v. State,* 237 Ga. 718, 726, supra, the Supreme Court of Georgia has said: "Our requirement for the transcript of the voir dire proceedings [in *Ross v. State,* 233 Ga. 361 (211 SE2d 356)] was based on a United States Supreme Court holding that appears to require that a transcript of the voir dire proceedings must be included in the record in cases where the death penalty is imposed."

In the case sub judice there is no indication that any request or motion was made that the voir dire proceedings be taken down and recorded. In my view, since this is not a death penalty case, defendant would be on a more sound foundation for complaint had he made such a request or motion as this was a matter which likely could be corrected by timely action. If such a request or motion had been made and the trial court had declined to grant same then this court would now be confronted with the issue of whether the trial court's declination constituted reversible error. However, such is not the issue here.

In my opinion the correct rule is and has always been that the defendant must show harmful error otherwise he is not entitled to a reversal. See in this connection *Newell v. State,* 237 Ga. 448, 490 (2) (228 SE2d 873); *Chenault v. State,* 234 Ga. 216, 220 (2) (215 SE2d 223); *Hall v. State,* 202 Ga. 619, 620 (2) (44 SE2d 234); *Davis v. State,* 242 Ga. 901, 903 (1) (252 SE2d 443). Indeed, the burden is always on the defendant (as appellant) to show injury and harm from any alleged error. Otherwise, a new trial will not be in order. See *Key v. State,* 147 Ga. App. 800, 804 (14) (250 SE2d 527) and cits.

From my examination and observation of this case neither motion for mistrial is meritorious. I do not find the remarks made by the attorney for the co-defendant to in any way prejudice the case as to this defendant. In considering the statement of counsel for the defendant in his place as to what occurred during the voir dire questioning of the prospective juror, I do not consider that this defendant was in any way prejudiced. Hence, I do not find that any reprimand of anyone was required or that

special instructions to the jury were necessary since I do not consider prejudicial matters to have been allowed before the already impaneled jurors in the case sub judice. Code § 81-1009, which calls for corrective action by the court in some situations following the denial of a motion for mistrial, was not applicable here.

But conceding, arguendo, that if the majority here were correct, and that prejudicial matter by reason of the statement by the prospective juror was heard by the members of the jury already impaneled so as to require a new trial, it is my opinion that the two cases cited above need not be overruled for allegedly espousing the view that the voir dire need not be transcribed.

The case of *Watts v. State,* 141 Ga. App. 127, supra, written by Judge Marshall (now Associate Justice Marshall) (concurred in by Presiding Judge Quillian and Judge McMurray) merely noted that the court reporter had recorded and transcribed those portions of the argument of counsel and those portions of voir dire at which objection or controversy occurred and there was no contention that the transcript was inaccurate. Hence the appellant failed to show any "specific error or harm occurring within the portions of the voir dire and arguments omitted." Nowhere in this opinion has this court espoused the view that the voir dire need not be transcribed. The court merely held that in the absence of a specific prejudice no reversible error was shown, citing such cases as *Harris v. State,* 237 Ga. 718, 725-727, supra; *Welch v. State,* 237 Ga. 665 (3) (229 SE2d 390); *Newell v. State,* 237 Ga. 488, 490, supra; *Chenault v. State,* 234 Ga. 216, supra; *Hall v. State,* 202 Ga. 619, supra.

The case of *Hamilton v. State,* 146 Ga. App. 884, supra (written by Judge Webb, concurred in by Presiding Judge Quillian and Judge McMurray), merely held that it was not error for failure of the trial court to have the voir dire and opening statements of counsel reported, citing Code Ann. § 27-2401, supra, and *Newell v. State,* supra, without commenting on the reason.

Absent any prejudicial error in the case sub judice, the judgment should be affirmed and the above cases not be overruled.

I, therefore, respectfully dissent.

BANKE, Judge, dissenting.

I must register my resolute dissent to the judgment of reversal in this case and object emphatically to the desire of the majority to create a new and additional judicial mandate where none is required or authorized.

Except in death penalty cases, neither the State and Federal Constitutions, nor the existing statutes of Georgia, nor the existing appellate case law require recording of the complete voir dire in felony cases.

The majority seems to rely on *Aiken v. State,* 226 Ga. 840 (178 SE2d 202) (1970), for reasoning by implication that recording of voir dire is required. Such reasoning is so strained as to become plastic. If the Supreme Court had desired to impose the additional requirement of recording all voir dire, this would have been an excellent case in which to announce such mandate. Further, the Supreme Court in *Ross v. State,* 233 Ga. 361, 367 (211 SE2d 356) (1974); *Owens v. State,* 233 Ga. 869, 871 (214 SE2d 173) (1975); and *Welch v. State,* 237 Ga. 665 (229 SE2d 390) (1976), addressed this question; and to date it is clear that such recordation is required only in death cases. If this were not so, that court would have said so.

It should also be noted that Code Ann. § 6-805 (d) states, ". . . Where matters occur which were not reported, such as objections to oral argument, misconduct of the jury, or other like instances, the court, upon motion of either party, shall require that a transcript of these matters be made and included as a part of the record . . ." Since the appellant in this case failed to so move, he waived this right and cannot now assert it on appeal.

In making an objection during voir dire, the complaining attorney, if he desires to pursue it, should immediately ask that his objection be recorded. After argument of counsel on the objection, the ruling of the trial judge should be taken by the court reporter. Also, the trial judge on his own motion under Code Ann. § 6-805 (d) may require that the court reporter remain in the courtroom during voir dire and take down each objection and ruling thereon. This procedure was followed by the trial judge and approved by this court in *Watts v. State,* 141 Ga. App. 127 (232 SE2d 590) (1977). This procedure amply protects all parties on appeal and is all that is

required by existing authority. If the complete voir dire were recorded as required by the majority opinion, the record on appeal could, in some cases, contain thousands of pages of absolutely worthless dialogue, since this court only considers those objections which are enumerated as error. We have had some cases where it took two weeks to select a jury and an hour to try the case. We should not make it more difficult, costly, and time-consuming to prepare the record for an appeal than is reasonably necessary. It will cost the counties literally millions of dollars to implement the majority opinion.

I cannot agree with the majority in its interpretation of Code Ann. §§ 6-805 and 27-2401 that the word "proceedings" as used therein refers to voir dire. It refers instead to proceedings of the case or proceedings of the trial; and, of course, the trial does not start nor jeopardy attach until after issue is joined and the jury impanelled. If the General Assembly intended that all voir dire be recorded, why did it not say so? Nor can I agree with that part of the majority opinion that holds that it is the duty of the state to perfect the record for the defendant on appeal. Code Ann. § 6-805 (d) places this responsibility on the complaining party, and I see no reason to change the law.

I respectfully dissent to both the judgment of reversal in this case and the new and additional requirement that voir dire be recorded in all felony cases.

I am authorized to state that Chief Judge Deen and Presiding Judge McMurray join in this dissent.