### 60749. CONLEY v. THE STATE.

POPE, Judge.

Appellant, an indigent, was convicted of theft by receiving stolen property. He asserts that the conviction must be reversed because the trial court (1) denied his "motion to have all procedures recorded" and (2) prevented defense counsel from asking certain questions on voir dire. We affirm.

1. Although appellant filed a "motion to have all procedures recorded," voir dire was not recorded in its entirety. Appellant, citing *Graham v. State,* 153 Ga. App. 658 (266 SE2d 316) (1980), argues that he had a right to have the entire voir dire recorded and that the trial court erred in denying his motion. While appellant correctly cites *Graham v. State,* supra, for the proposition that the entire voir dire must be recorded, that case is no longer controlling, as it was reversed on certiorari by the Georgia Supreme Court "insofar as it holds that the entire voir dire in a felony case must be reported and transcribed." *State v. Graham,* 246 Ga. 341, 343 (271 SE2d 627) (1980).

In his supplemental brief, appellant asserts that *State v. Graham,* supra, is distinguishable from the case at bar since in *Graham* no written motion had been filed by the accused. However, there is no indication in *Graham* that the duty placed upon the state

with respect to the reporting of voir dire is altered by the filing of a written notice to have "all proceedings" recorded. The court simply held: "To raise an issue as to error in the conducting of the voir dire, objection must be made in the trial court to preserve the issue for appeal. See *White v. State,* 146 Ga. App. 810 (247 SE2d 536) (1978). Any objection or motion in the course of voir dire, and the court's ruling thereon must be reported under § 6-805 (d), as once the ruling of the court is made, it would be a matter which 'may be called in question on appeal.' Since the motion and ruling were reported and available in post-trial relief . . . the duty of the state to provide a transcript under § 27-2401 has been complied with. If the defendant [desires] a more complete record of the questioning of the juror in issue, he should [make] a motion at the time of his objection to have the questions and answers made a part of the record, since the party asserting error must show it by the record. *Kemp v. State,* 226 Ga. 506 (175 SE2d 869) (1970)."

2. When objections were raised on voir dire, they apparently were recorded by the court reporter. See *State v. Graham,* supra; *Newell v. State,* 237 Ga. 488 (2) (228 SE2d 873) (1976). In his second enumeration of error, appellant contends the trial court erred in sustaining the state's objections to the following questions posed by appellant's counsel on voir dire:

(1) "It is possible that the defendant will not take the stand and testify here in this case. How would you feel if he did not testify?"

(2) "Would you find it hard to try this case if he does not testify?"

(3) "Do you think you'll need to hear from both sides before you can make up your mind?"

(4) "Do you feel in any way that Jerry Lee Conley must have done something wrong or he wouldn't be sitting here?"

(5) "If the prosecutor presents physical evidence such as typewriters, calculators, and radios, do you feel the mere presence of that evidence without more would probably show that Jerry Lee Conley is guilty?"

Counsel for the accused should not ask technical legal questions of a prospective juror, or his opinion concerning them. "It is the duty of the court to instruct the jury on legal questions which are appropriate to the issues on trial." *Lundy v. State,* 130 Ga. App. 171, 172-173 (202 SE2d 536) (1973). Counsel "should confine his questions to those which may illustrate any prejudice of the juror against the accused, or any interest of the juror in the cause." *McNeal v. State,* 228 Ga. 633, 636 (187 SE2d 271) (1971). The trial court's disallowance of the questions cited above is not ground for reversal. *Todd v. State,* 243 Ga. 539 (7) (255 SE2d 5) (1979); *McNeal v. State,* supra; *Young*

*v. State,* 131 Ga. App. 553 (2) (206 SE2d 536) (1974).
  *Judgment affirmed. McMurray, P. J., and Banke, J., concur.*

DECIDED JANUARY 16, 1981.

*William F. Underwood, Jr.,* for appellant.
*William S. Lee, District Attorney,* for appellee.