## A96A1953. BROWN v. THE STATE.

(483 SE2d 318)

SMITH, Judge.

Tommie Lee Brown was found guilty by a jury of armed robbery, rape, and two counts of aggravated assault. His motion for new trial was denied.

Construed to support the jury's verdict, the record shows that two sisters, fourteen and sixteen years old, were returning to their home from a convenience store on the evening of June 15, 1994, when Brown forced them at gunpoint to a nearby graveyard. At the graveyard, Brown instructed them to lie down on the ground face down and took the older sister's jewelry. When the younger girl realized he was going to rape her, she protested, to no avail, that she was menstruating and was a virgin; Brown pulled off and discarded her tampon and pad and raped her. He then left, warning the victims not to look at him and to remain lying there for 20 minutes.

The girls remained on the ground for several minutes, then went home and told family members, who telephoned the police. They described their attacker to the police as a tall black male who smoked cigarettes, was missing front teeth, and was wearing gray pants and a gray and red bold-striped shirt. Officers canvassed the neighborhood and were directed to Brown. They found him in the shower at his mother's home in the neighborhood. The clothing on the bathroom floor matched the description of that worn by the perpetrator; Brown matched the description given by the victims of the man who attacked them. He was placed under arrest. In conducting a search of Brown's mother's home for other items listed in a search warrant, police also observed in Brown's bedroom a striped shirt matching the description given by the victims.

The discarded sanitary pad and tampon were found in the cemetery. A photographic lineup was shown to the victims. Although the rape victim was unable to make an identification, her older sister identified Brown's photograph as that of the attacker. She also made a positive identification of Brown at trial.

Brown claimed he had been with his girl friend at the time of the charged crimes. When interviewed by the police, however, he volunteered information not mentioned before by the interviewer regarding the age and clothing of the rape victim. Although he explained this reference at trial by saying he had seen the victim earlier in the day, he later testified he had never seen either victim before the trial.

1. Brown contends the trial court erred in denying his motion for new trial, made on the ground that his trial counsel rendered ineffective assistance. He raises four main points regarding this claim.

(a) He contends trial counsel was ineffective in that he failed to call as a witness the triage nurse who interviewed the rape victim

after the assault. The nurse testified at the hearing on the motion for new trial that the rape victim was unsure of penetration. Brown argues that this omission demonstrates ineffectiveness because penetration is an essential element of the crime of rape, and this evidence could have cast doubts upon that essential element.

This was a strategic decision by trial counsel. Trial counsel testified that he examined the medical records regarding the examination of the rape victim and knew they reflected this uncertainty. He not only did not pursue this line of defense, he moved successfully in limine to exclude the medical records. These records would, in fact, have shown that the victim reported at the hospital that she had been penetrated several times. Had the triage nurse been called to testify as to the victim's uncertainty, the evidence in the medical records could have been used to contradict her testimony. Further, the nurse could have been cross-examined about the victim's hysterical emotional state and her lack of sanitary protection when she arrived at the hospital, which would have damaged the defense. "Trial strategy and tactics do not equate with ineffective assistance of counsel." (Citations and punctuation omitted.) *Spivey v. State*, 193 Ga. App. 127, 131 (386 SE2d 868) (1989).

Moreover, as noted by trial counsel at the hearing, his theory of the case was that Brown had an alibi and had not committed the offenses. This line of defense was not consistent with that theory. Trial counsel's decision was not deficient and did not constitute ineffective representation.

(b) Brown maintains that trial counsel's acceptance of and agreement with the proposal of the trial court for dealing with a possibly biased alternate juror demonstrates ineffectiveness as well. After the jury had been impaneled and sworn, the second alternate juror expressed doubts that she could be impartial. The trial court delayed ruling on her dismissal until the next day, gave a preliminary charge to the jurors, then dismissed them. A discussion then ensued among counsel and the court. They agreed that day to try to keep the alternate on the jury for the time being, counseling her to keep an open mind, and further agreed to defer any decision on excusing her until and unless her presence on the jury might actually be required should two of the first twelve jurors be excused.

The next morning, however, trial counsel informed the court that Brown had instructed him that he wished to have the alternate juror excused. The trial court offered to excuse the alternate if Brown would agree to be judged by a jury of 11 should that become necessary. That way, a new jury would not have to be impaneled. After conferring with Brown for several minutes, trial counsel informed the court they had agreed to accept the trial court's offer. Brown now contends this constituted ineffective assistance of counsel. We do not

agree.

"The two-prong test for determining the validity of a claim of ineffective assistance of counsel provided in *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) [(1984)] asks whether counsel's performance was deficient and, if so, whether this deficiency prejudiced the defense, that is, whether there is a reasonable possibility that the outcome of the proceedings would have been different, but for counsel's deficiency." *Quinn v. State*, 221 Ga. App. 399, 401 (3) (471 SE2d 337) (1996). We need not address both prongs of this test if the showing on one prong is insufficient. *Ponder v. State*, 201 Ga. App. 388, 389 (1) (411 SE2d 119) (1991). As to this ineffectiveness contention, Brown cannot show a reasonable probability that the outcome would have been different had trial counsel not agreed to the court's proposal because this alternate juror would not have participated in the deliberations even had trial counsel not acceded to the proposal. Only one juror was excused because of a death in her family. The services of the second alternate in issue were therefore not required. Because Brown cannot satisfy the second prong of the test, we need not address the question of trial counsel's ineffectiveness in this regard.

We note, however, that trial counsel discussed the problem with Brown before agreeing with the trial court's proposal; the trial court asked Brown if he agreed, and he did. Brown had the right to waive a 12-person jury. See generally *Glass v. State*, 250 Ga. 736, 738 (1) (300 SE2d 812) (1983). He did so when he discussed the matter with counsel and acquiesced in the decision. *Hudson v. State*, 250 Ga. 479, 482-484 (3) (a) (299 SE2d 531) (1983). He cannot now complain of that decision, in which he participated fully.

(c) Although Brown asserts that trial counsel was ineffective in failing to cross-examine the rape victim regarding her prior sexual history, such questioning was clearly prohibited under the Rape Shield Law, OCGA § 24-2-3. That statute provides that "[i]n any prosecution for rape, evidence relating to the past sexual behavior of the complaining witness shall not be admissible, either as direct evidence or on cross-examination . . ., except as provided in this Code section." OCGA § 24-2-3 (a). The single exception provided for applies only when consent is in issue. Such evidence is admissible if the court determines that the evidence sought to be introduced pertains to sexual behavior involving the participation of the defendant, and the court finds that such evidence could support an inference that the defendant could reasonably have believed that the victim was consenting to sex. OCGA § 24-2-3 (b). Clearly, that exception is not relevant in this case.

(d) Brown maintains that trial counsel was also ineffective by failing to prepare adequately for trial and by neglecting to interview

witnesses who had information that the rape victim was lying. Brown testified that trial counsel spent only one hour with him preparing for trial, but trial counsel testified he spent more than 40 hours preparing for trial, including more than five hours preparing Brown to testify.

New counsel presented evidence at the hearing on the motion for new trial from two witnesses who claimed to have heard the rape victim say she lied in accusing Brown. Both these witnesses, however, testified that they did not come forward with their information before trial. Although Brown's sister testified at the hearing on the motion for new trial that the word on the street was that the victim had lied and that she so informed Brown's trial counsel before trial, trial counsel testified unequivocally to the contrary. He testified that no one had informed him of that matter, although before the trial, he discussed with Brown and his family the possible existence of helpful witnesses. He stressed that he would have tried to find and subpoena any such witnesses, but that no one suggested or informed him of their existence.

A finding by the trial court that an accused was not denied effective assistance of counsel must be affirmed unless clearly erroneous. *Stevens v. State*, 210 Ga. App. 355, 357 (6) (436 SE2d 82) (1993). In this case, trial counsel had many years of experience in criminal defense, and he presented a logical and vigorous defense. Based upon the evidence, we find that the trial court's ruling in this case was not clearly erroneous, and it is affirmed.

2. Brown next contends the trial court erred in forcing him to choose between seating a biased juror and agreeing to a possible trial before an 11-person jury. As noted in Division (1) (b), supra, however, Brown himself agreed with the trial court's proposal. Moreover, because the alternate was not reached during the trial, Brown cannot show harm. The burden is upon the party asserting error to show both error and harm. *Manous v. State*, 200 Ga. App. 293, 295 (2) (407 SE2d 779) (1991). This enumeration is without merit.

3. Brown asserts error in the trial court's failure to order recordation of the voir dire. In support of this enumeration, he cites *Graham v. State*, 153 Ga. App. 658 (266 SE2d 316) (1980). *Graham* was reversed on certiorari by the Supreme Court in *State v. Graham*, 246 Ga. 341 (271 SE2d 627) (1980). The Supreme Court held that although the entire voir dire must be reported and transcribed in all death penalty cases, it need not be reported in other felony cases. This enumeration is meritless.

4. Brown contends that the trial court failed to instruct the jury to return a separate verdict as to each charge and further contends that the charge regarding the consideration of evidence and the verdict was confusing. We do not agree.

In evaluating error, the charge must be considered as a whole, rather than piecemeal. *Leigner v. State*, 213 Ga. App. 871, 872 (3) (446 SE2d 770) (1994). In this case, the trial court charged the jury that it must "consider all the evidence in this case and consider each count." The court went over each count of the indictment separately. The jury was charged that the form of the verdict was dependent upon "how you find . . . the proof of the evidence presented to you. Again, in order to convict the defendant of *any one count* of this indictment, it must be proven as to that one count beyond a reasonable doubt."

The court did instruct the members of the jury that if they believed Brown was either guilty or not guilty on *all* counts, it would be sufficient to say so simply in one sentence. Although this portion of the court's charge is not a model of clarity, it is clear from the charge that this instruction applied *only* if their verdict was the same as to all counts — either guilty or not guilty. The court also instructed the jury that if they believed Brown to be guilty on some counts and not guilty on others, "you must specify which count you believe the State has proven its case beyond a reasonable doubt, and which ones . . . the State has not."

Considering the trial court's charge as a whole, we conclude that it did not confuse the jury, and that the jury understood from the charge that it was to consider each charge separately. We find no reversible error.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 14, 1997 —
RECONSIDERATION DENIED MARCH 4, 1997 — ▉▉▉▉▉▉

*Charles A. Mullinax, Robert L. Waller III*, for appellant.
*J. Tom Morgan, District Attorney, Robert M. Coker, Assistant District Attorney*, for appellee.