## 50246. MAYOR &c. OF SAVANNAH v. PALMERIO et al.

MARSHALL, Judge.

This appeal presents the single question: "Is the taking of the deposition of an expert witness to be used at the trial of the case by means of video taping authorized under the laws of Georgia?" The appellant in the court below is the defendant in a personal injury action brought by appellees in the State Court of Chatham County.

Pursuant to a motion filed on behalf of appellees to authorize the taking of medical depositions by video taping in California, Tennessee and possibly Florida, appellant opposed the granting of such motion. The trial judge held a hearing and by order dated November 4, 1974, granted appellees' motion. Subsequent thereto, the appellant, within the statutory time obtained a certificate of immediate review as to this question alone. *Held:*

The order of the trial judge in this matter was as follows:

"Order

"Upon consideration of the motion of the Plaintiff and the memoranda of the parties, it is ordered that the Plaintiff be permitted to take depositions of Dr. K. Allen Harper, Dr. Edgar Dawson, Dr. James Wolfe, and Dr. Phillip Lichtblau by video tape in addition to, and not in lieu of, stenographic transcription, following, at each such deposition, the procedures and conditions set forth below.

"(1) The depositions shall be taken at a time and place to be agreed upon by counsel, and a written notice thereof shall be filed with the Court;

"(2) Plaintiff shall use equipment of sufficient quality and quantity to produce an accurate and trustworthy record and to record all voices participating in the deposition;

"(3) The placing and positioning of the equipment shall be agreed upon by counsel.

"(4) Besides utilizing the video tape equipment, such depositions shall be transcribed in the traditional method of stenographic transcription by one authorized to do so by law;

"(5) With respect to the stenographic transcription,

the original shall be filed in the Office of the Clerk of this Court and copy made available to counsel on their order and at their cost;

"(6) Plaintiff shall supply some person or persons to operate and monitor the video tape equipment during the entire deposition who will not be participating in the actual interrogation process, and who shall take an oath or affirmation to accurately and in a trustworthy manner video tape the deposition and see that the original video tape is not altered or edited in any fashion until further order of this Court or by agreement of counsel for all parties; such person or persons shall on the date of the deposition video tape all of the proceedings requested by either counsel;

"(7) An oath or affirmation shall be administered to the witnesses by a person authorized to do so by law;

"(8) It shall be the duty of the person recording the deposition stenographically to accurately record during the course of a single deposition as to when a tape is changed, when examination by each of various counsel commences and ends, and whenever there is an interruption of the continuous tape exposure for the purposes of off-the-record discussions, mechanical failure of the machine, or other similar technical problems;

"(9) If, during the course of any deposition it becomes necessary or desirable to have an earlier question and/or answer or any other portion of the record of the deposition to that point re-read, this shall not be accomplished by rewinding or reexhibiting the video tape, unless counsel for all parties agree otherwise, but shall be accomplished by requesting the person recording the deposition stenographically to read from the stenographic record such requested matter.

"(10) Objections which might be raised during the deposition shall be reserved until the time of trial except as to the form of the question or the responsiveness of the answer; insofar as these objections are concerned, counsel shall simply note the same by voicing 'objection to question' or 'objection to answer';

"(11) If, during the course of a deposition there shall be a failure of the equipment, either visual or auditory, or such poor quality as to render the use of said video tape

unfair to the interest of any of the parties hereto, then no part of such video tape shall be utilized by either party in respect of such deposition as to which such shall obtain and the parties will use, absent of an agreement of counsel, the stenographic transcription of the deposition, provided the same otherwise complies with legal requirements;

"(12) Smoking will not be permitted during the deposition;

"(13) After the deposition, the person or persons operating the video tape equipment shall certify the correctness and completeness of the video tape recording in the same manner as would a stenographic reporter in certifying an oral deposition; such person or persons shall then appropriately label, seal, and file the video tape recording with the Office of the Clerk of this Court;

"(14) All of the costs of video taping the testimony of Dr. K. Allen Harper, Dr. Edgar Dawson, Dr. James Wolfe, and Dr. Phillip Lichtblau will be at the instance of the Plaintiff, and all of the costs incident to the use of said video taped depositions will be at the instance of the Plaintiff to be borne by the Plaintiff and should not be taxed as court costs against the Defendant. Costs incident to the appearance of persons in court and incident to the presentation by them of any video taped deposition shall be borne by the party offering the video taped deposition requiring his appearance in court and should not be taxed as court costs.

"(15) Upon application of either party, the Court shall make available the video taped depositions for viewing purposes only. Plaintiff shall make available to Defendant adequate equipment for a viewing of the video taped depositions at a time and place to be agreed upon by counsel.

"(16) During a pretrial conference the Court will hear objections to the admissibility of any answers given during a deposition, and if the Court rules out certain questions and answers given during deposition, a copy of the original video taped deposition shall be made, and the objectionable material shall be deleted. At the pretrial conference the Court will use only the stenographic transcription to determine if the questions and answers

are objectionable and should be stricken from the record. Upon application of either party, and at his expense, the Court will review the video tape of the depositions to determine if the quality of same is sufficient to be viewed by the jury.

"In Open Court this 4th day of November, 1974.

"s/ Edward M. Hester
"Edward M. Hester,
Judge
"State Court of
Chatham County"

Code Ann. § 81A-130 (b) (4) provides: "(b) . . . (4) The Court may, upon motion, order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition, and may include other provisions to assure that the recorded testimony will be accurate and trustworthy. If the order is made, a party may nevertheless arrange to have a stenographic transcription made at his own expense." Under the foregoing Code section, the taking of a deposition by video taping, when otherwise permitted by the Civil Practice Act is proper under the laws of Georgia. It is well to remember that the taking of a deposition of the testimony of a witness to be used at the trial of the cause is a substitute, at best, for the actual live testimony of the witness. It is our opinion that the testimony of the witness by video taping is a better substitute than the reading of a stenographic transcript provided by a court reporter.

In a comment in 5 Georgia State Bar Journal, page 401, we find the following description of video taping: "Video tape is merely a new method of accomplishing the same purposes achieved through motion pictures and sound recordings. However, it has certain advantages over both. The obvious advantage enjoyed by video tape over sound recordings is that it can record facial expressions, movements, and gestures as well as the tonal expression of the voice. When comparing video tape to motion pictures, the principal difference is that video tape can be reproduced instantaneously. It does not have to be processed like motion picture film, but instead, is available immediately for instant replay. Furthermore, it

is also more practical for use in the courtroom since it does not require a large screen, nor does it necessitate a complete darkening of the courtroom. Also, a video tape camera is appropriate for recording a trial because it is soundless and creates no distraction. Moreover, the quality of the video tape picture is such that it compares favorably with 16 mm. film." (Footnote omitted.)

Since this is a case of first impression in Georgia, we are constrained to consider prior decisions of this court with reference to similar artificial means of recording testimony. In the case of *Steve M. Solomon, Jr., Inc. v. Edgar,* 92 Ga. App. 207, 211, 212 (88 SE2d 167) certain requisites for the admission of sound recordings into testimony in trials were given, as follows: These requisites are as follows: "(1) It must be shown that the mechanical transcription device was capable of taking testimony. (2) It must be shown that the operator of the device was competent. (3) The authenticity and correctness of the recording must be established. (4) It must be shown that changes, additions, or deletions have not been made. (5) The manner of preservation of the record must be shown. (6) Speakers must be identified. (7) It must be shown that the testimony elicited was freely and voluntarily made, without any kind of duress." In addition, an Alabama appellate court in Wright v. State, 38 Ala. App. 64, 73 (79 S2d 66), cert. denied, 262 Ala. 420 (79 S2d 74) added five additional steps: (1) The trial court should first have the recording played before it, out of the presence of the jury, counsel being afforded the opportunity of interposing objections. (2) If the recording is infected with illegal, irrelevant, or incompetent matter, or is inaudible, its admissibility should be questioned. (3) If the material portions are inaudible, the recording should be rejected if it is the only evidence offered as to the statement. (4) If the parties present when the recording was made testify to the statements made, the recording even though inaudible in parts, should be admitted as corroboration of the witnesses' testimony. (5) If the recording contains illegal matter it should be rejected unless such matter can be erased from the tape or kept from the jury by stopping and starting the recording instrument.

It is the holding of this court that the order of the trial judge in this case meets all requirements set forth in the foregoing decisions of this court and the Alabama court.

A noteworthy recent decision, involving the use of tape recording of a verbal deposition, construing the meaning of Rule 30 (b) (4) of the Federal Rules of Civil Procedure held, as follows: "The judge may deny a movant's request under Rule 30 (b) (4) only when he is convinced, after thorough examination of the movant's proposal and on the basis of the other party's specific objections and the judge's experience with the differing forms of deposition procedure, that the particulars of the request do not reasonably ensure accuracy equivalent to stenographic depositions." Colonial Times, Inc. v. Gasch, 509 F2d 517, 522.

The Supreme Court of Georgia, in approving the Georgia Code of Judicial Conduct on December 17, 1973, 231 Ga. A-1, A-4, gave implied approval of the use of video tape for depositions to be used during trials, since Canon 3 (7) provides, as follows:

"(7) A judge should prohibit broadcasting, televising, recording, or taking photographs in the courtroom and areas immediately adjacent thereto during sessions of court or recesses between sessions, except that a judge may authorize:

"(a) the use of electronic or photographic means *for the presentation of evidence,* for the perpetuation of a record, or for other purposes of judicial administration;" (Emphasis supplied.)

Counsel for the appellant raises certain questions in its brief concerning the problems of the record on appeal, should an appeal be made with reference to the video taping of the deposition of a medical expert witness.

We do not see any problems in this connection which are not already in existence with the use of stenographic depositions. Presumably, at the trial of the cause, the court reporter will reduce all testimony to a written transcript, and questions concerning the record will be dealt with in the same, or a similar, manner as they are now handled with reference to a written transcript. If some question should be raised as to the accuracy of the tape, it is obvious that the original tape on which the

deposition was recorded would be available to resolve any issue which might arise.

It should be emphasized that by approving the use of video taping for depositions of medical witnesses, this court is not either approving or disapproving the use of video taping as to a complete trial. As earlier indicated in this opinion, a deposition is at best a poor substitute for the live testimony of a witness, but the use of video tape is far superior to the reading of a stenographic transcript of a deposition, when it is considered that the appearance and the demeanor of the witness is apparent through the use of the video taping process. The objective of all legal investigations is the discovery of truth, and it is our sincere belief that the use of video taping for depositions will provide a more accurate record of the witness' testimony than the mere reading of a stenographic transcript by persons other than those who actually gave the deposition.

Although minor refinements and improvements might be suggested for the order of the trial court in this case, since this court was created primarily for the correction of errors, we find no error in the order of the trial court providing for the taking of the deposition of the named medical witnesses through the process of video taping.

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

ARGUED FEBRUARY 3, 1975 — DECIDED JUNE 17, 1975.

*James B. Blackburn, Stanley E. Harris, Jr.,* for appellant.

*Hamilton, Jones, Merkle & Young, John Wright Jones, John R. Young,* for appellees.