### 70664. DuBOIS v. RAY et al.
(339 SE2d 605)

POPE, Judge.

Viewing the evidence in the light most favorable to the verdict, the jury was authorized to believe the following: On August 30, 1983 appellees Mr. and Mrs. Ray contracted with appellant Sanford DuBois d/b/a Duke Aluminum Supply Warehouse for the installation of vinyl siding and aluminum gutters onto the Rays' home. The contract contained the following language: "Seller agrees to do all work in a workmanlike and legal manner, according to standard practice. Seller agrees to use only those materials that meet or exceed standard specifications for their intended purposes." The total contract amount was $5,340. Appellant's subcontractors began work on the home in September 1983. During the course of the performance of this work, Mr.

Ray questioned the manner in which the work was being performed and made requests that it be corrected. Although appellant agreed to do so, not all corrections were made.

On October 8, 1983 appellant arrived at the Rays' home contending that the work was finished and seeking payment. Mr. Ray called his attention to the work about which he had complaints. When appellant indicated that he would not correct the defects and accused Mr. Ray of intending not to pay him, Mr. Ray stated that he would pay when the defects were corrected. Appellant grabbed Mr. Ray and a scuffle ensued wherein both parties fell to the ground. After Mrs. Ray managed to separate them, appellant shoved Mr. Ray, grabbed him around the neck and threw him to the ground. As the altercation resumed, the police were called. Both appellant and Mr. Ray were arrested. Mrs. Ray took Mr. Ray from the police station to the hospital where he spent five days for treatment of angina.

Appellant sued Mr. and Mrs. Ray for damages for breach of contract and fraudulent inducement to contract, as well as punitive damages and attorney fees. The Rays answered and counterclaimed seeking damages for breach of contract, assault and battery, punitive damages and attorney fees. Appellant amended his complaint to add claims for recovery in quantum meruit and for assault and battery. A jury verdict was returned in favor of Mr. and Mrs. Ray. The jury awarded the Rays the following amounts in damages on this counterclaim: $1,660 for the breach of contract claim; $7,900 on the claim for assault and battery; $15,000 in punitive damages; and attorney fees in the amount of $5,030. Appellant appeals from the denial of his motion for new trial. Appellant's trial counsel has been replaced by different counsel on appeal.

1. Appellant's first enumeration assigns error to the admission into evidence of the deposition of the Rays' expert witness, Sam Henley, which was taken by means of videotaping as well as by stenography. The record reveals that the deposition was taken outside the Rays' residence so that Mr. Henley, a builder, could inspect the house, answer questions as to the work done on it, and the camera could illustrate this to the jury.

OCGA § 9-11-30 provides in pertinent part: "The court may, upon motion, order that the testimony at a deposition be recorded by other than stenographic means, in which event the order shall designate the manner of recording, preserving, and filing the deposition and may include other provisions to assure that the recorded testimony will be accurate and trustworthy." It is undisputed that prior to admission of the deposition at trial no court order was obtained to provide that Mr. Henley's deposition be videotaped. Appellant argues on appeal that the lack of a court order allowing the videotaping of the deposition precludes its admission at trial. While we agree that a

pre-deposition court order or written stipulation of the parties is necessary under OCGA §§ 9-11-30 (b) (4) and 9-11-29, we find that in this case appellant waived objection at trial to the manner in which the deposition was taken.

Prior to trial, the sole objection raised by appellant's counsel to the taking of Mr. Henley's deposition was as to the sufficiency of notice of the deposition. When the deposition began, counsel for the Rays stated, inter alia, that the deposition of Sam Henley was being taken pursuant to notice at a re-scheduled time pursuant to agreement of counsel; that the deposition was intended for use at trial so that all objections should be made on the record at that time; and that the deposition was being taken by videotaping and by court reporter at the Rays' home. When asked if the foregoing was acceptable, appellant's counsel stated his only objection, that the notice of the Thursday deposition has been received on the previous Monday. He added, "However, since this was set up and obviously had to be done with the photographer, the deponent, as well as the court reporter, we are going to go ahead with this deposition. We want to get this to trial as soon as possible. But we would like to make that objection on the record." No objection to the videotaping of the deposition was raised prior to trial. Appellant's counsel conducted a thorough and sifting cross-examination of Mr. Henley.

When counsel for the Rays sought to introduce the videotaped deposition, as well as the duly certified stenographic record of it, appellant's counsel stated objection for the first time to the fact that no court order had been obtained. The trial court heard argument on this point outside the presence of the jury. The videotaped deposition was admitted for the jury to see and hear after the trial court had ruled on certain evidentiary objections of both sides and the objectionable parts had been deleted.

Although appellant asserts that this objection made at trial was timely, we disagree. Under OCGA § 9-11-32 (d) (3) (B): "Errors and irregularities occurring at the oral examination in the manner of taking the deposition . . . and errors of any kind which might be obviated, removed, or cured if promptly presented are waived unless seasonable objection thereto is made at the taking of the deposition." It is apparent that because no court order was obtained, appellant's objection to the manner of taking the deposition (videotaping) would have been a good objection. It would also have given the Rays a chance to obviate the objection by obtaining the court order. However, by waiting until trial, this specific means for correction of the irregularity before videotaping the deposition was removed. When appellant failed to raise seasonable objection to the manner of taking the deposition, that is, prior to participating in it, this objection was waived. See *Andean Motor Co. v. Mulkey*, 251 Ga. 32 (1) (302 SE2d

550) (1983). See also *Royal Globe Indem. Co. v. Thompson*, 123 Ga. App. 268 (1) (180 SE2d 576) (1971). We note further that even if the objection was timely made at trial, any error in the admission of the videotaped deposition was harmless. The videotaping was conducted in substantial compliance with the technical conditions and procedures suggested in the opinion in *Mayor &c. of Savannah v. Palmerio*, 135 Ga. App. 147 (217 SE2d 430) (1975). We find no basis for reversal raised in this enumeration of error.

2. Appellant next cites error to the trial court's ruling which allowed the stenographic deposition of Mr. Henley which was already on file to be included in the record instead of requiring the court reporter at trial to make a second stenographic record of the deposition. Although appellant on appeal asserts that the videotape is inaudible, the record reveals no objection made at trial on this ground. Further, upon viewing and listening to the videotape, we do not find it to be inaudible. Since the stenographic deposition taken at the time of videotaping is certified and the court reporter at trial was made available during the videotape showing to record any objections, we find no error.

3. Appellant's third enumeration is governed by OCGA § 9-11-32 (a) (4) which provides in part: "The deposition of a witness, whether or not a party, taken upon oral examination, may be used in the discretion of the trial judge, even though the witness is available to testify in person at the trial." "A decision by the trial court to admit into evidence a deposition taken upon oral examination where the witness is available shall be reversed only when the party objecting to the admission of the deposition shows that the trial court abused its discretion. There is no evidence of such abuse here." *Atlanta Coca-Cola Bottling Co. v. Rosser*, 250 Ga. 52, 54 (295 SE2d 827) (1982).

4. Appellant enumerates as error the admission of certain portions of the testimony of the Rays' expert medical witness, Dr. Beasley. Contrary to appellant's argument, we find the hypothetical question asked of Dr. Beasley to have been supported by facts already in evidence. "The opinion of an expert witness may be given in response to a hypothetical question based upon facts placed in evidence by the testimony of other witnesses or by competent evidence of any nature." *Altamaha Convalescent Center v. Godwin*, 137 Ga. App. 394, 397 (224 SE2d 76) (1976). See OCGA § 24-9-67. We agree that the remaining two portions of testimony cited by appellant are hearsay. However, their admission does not constitute reversible error since both were cumulative of previous testimony.

5. Appellant enumerates as error the trial court's ruling limiting his lead counsel to one attorney instead of the two who had shared the tasks on the previous day. In support, appellant relies upon the opinion in *Heard, Leverette &c. v. Stone*, 167 Ga. App. 113 (306 SE2d

72) (1983). However, as no objection was raised to this ruling at trial, it will not be considered on appeal.

6. We have examined appellant's remaining enumerations of error and conclude that nothing raised therein requires reversal.

7. The Rays' motion for damages for a frivolous appeal is denied. *Judgment affirmed. Deen, P. J., and Beasley, J., concur.*

DECIDED DECEMBER 2, 1985 —
REHEARING DENIED DECEMBER 18, 1985 — 

*Harry J. Winograd*, for appellant.
*Thomas J. Venker*, for appellees.