## 73304. SWEATMAN v. THE STATE.
### (352 SE2d 796)

POPE, Judge.

Larry Victory Sweatman brings this appeal from his convictions of rape and aggravated sodomy. *Held*:

1. In his first enumeration appellant assigns error to the trial court's admitting evidence of a prior rape conviction. Appellant contends that the State failed to comply with Uniform Superior Court ("USC") Rule 31.3 by not attaching a copy of the indictment and guilty plea to the notice of intent to present evidence of similar transactions.

USC Rule 31.3 (B) provides in part: "The notice shall be in writing, served upon the defendant's counsel, and shall state the transaction, date, county and the name(s) of the victim(s) for each similar transaction or occurrence sought to be introduced. Copies of accusations or indictments, if any, and guilty pleas or verdicts, if any, shall be attached to the notice." The record indicates that the State inadvertently neglected to attach a copy of the prior indictment and guilty plea. All other procedural requirements of USC Rule 31 were met, and the oversight was rectified on the day of trial during the hearing on the matter when defense counsel pointed out the omission to the State. The trial court noted that the apparent purpose of the rule is to provide a criminal defendant with fair and adequate notice of the State's intention to utilize evidence of prior similar transactions so that questions as to the admissibility of such evidence can be resolved before trial. The court concluded that although the technical require-

ments of the rule were not met in this case, appellant was not deprived of any substantial rights under the circumstances.

We agree with the trial court's finding of substantial compliance with the rule. See generally *Birt v. State*, 256 Ga. 483 (3) (350 SE2d 241) (1986). Moreover, appellant has made no showing, nor do we discern, that any prejudice to him has resulted. Thus, any error here was harmless. See *Dill v. State*, 222 Ga. 793 (1) (152 SE2d 741) (1966); *Hollis v. State*, 137 Ga. App. 298 (223 SE2d 491) (1976).

2. Appellant's remaining enumeration of error challenges the admissibility of a video tape recording of the victim during her interrogation at the sheriff's department following the crimes. For the reasons set forth in *Cuzzort v. State*, 254 Ga. 745 (334 SE2d 661) (1985), we find no error in admitting into evidence the challenged testimony. See also *Tyler v. State*, 176 Ga. App. 96 (2) (335 SE2d 691) (1985). Moreover, we find no basis for exclusion on the ground that the testimony was produced via video tape rather than via a live witness. Appellant asserts no challenge on appeal to the foundation laid for the video tape's admissibility at trial (see generally *Mayor &c. of Savannah v. Palmerio*, 135 Ga. App. 147 (217 SE2d 430) (1975); see also *DuBois v. Ray*, 177 Ga. App. 349 (1) (339 SE2d 605) (1985)), nor to any infringement on his right to cross-examine the victim at trial as to her video taped statement. The trial court reviewed the video tape with counsel prior to its being submitted to the jury and excised objectionable material. This enumeration of error provides no ground for reversal. Cf. *Looney v. State*, 180 Ga. App. 693 (1) (350 SE2d 29) (1986).

*Judgment affirmed. McMurray, P. J., and Carley, J., concur.*

DECIDED JANUARY 6, 1987.

*Harry M. Moseley*, for appellant.
*Rafe Banks III, District Attorney*, for appellee.