## 73554. EVANS v. STOWE.
(352 SE2d 811)

BANKE, Presiding Judge.

We granted Debra Evans' application to appeal an order of the Juvenile Court of Walton County transferring custody of her minor daughter to the child's father, Wain Stowe.

The parties were divorced in 1982, at which time custody of the then 2-year-old child was awarded to the mother, and certain specified visitation rights were awarded to the father. In April of 1986, the father brought the present action in the Superior Court of Walton County seeking a change of custody, or alternatively, a modification of his visitation rights, based on an alleged change of circumstances materially affecting the welfare of the child. The case was transferred to juvenile court pursuant to OCGA §§ 15-11-5 (c) and 15-11-6 (b) for investigation and determination.

On May 9, 1986, an evidentiary hearing was conducted for the purpose of addressing the visitation issue only. Both parties waived stenographic recordation, and consequently only the court's handwritten notes and summary of the proceedings appear in the record. According to this summary, the father had, by the terms of the original divorce decree, the right to visit the child only on alternate weekends. However, the mother had for some three years following the divorce permitted him visitation every weekend, from Saturday evening to Sunday evening. This arrangement continued until April of 1985, at which time the mother began to allow visitation only on alternate weekends, as required by the divorce decree. According to the father, the mother gave no explanation for this action. However, the reduction in visitation coincided with the mother's remarriage; and the stepfather testified that he had wanted the visitation reduced so that the child could participate in church activities on Sundays.

After the petition for change of custody was filed, the mother terminated visitation entirely, based on certain acts of child molestation allegedly committed by the father one to two years earlier. By the time of the May 9th hearing, the father had not seen the child in six weeks.

The father denied the allegations of abuse, and a Department of Family and Children Services (DFACS) caseworker who had been assigned to investigate the charges testified that she had found no evidence of any sexual misconduct toward the daughter. When confronted with these findings at the hearing, the mother tearfully expressed remorse for having made the accusations; and the judge,

concluding that the sexual abuse charges were groundless, ordered that the mother begin honoring the father's visitation rights instanter. Another hearing was scheduled for May 30, 1986, to address the father's request for change of custody.

The evidence adduced at the second hearing showed that the mother had lived in a meretricious relationship with the stepfather for a period of several months prior to their marriage a year earlier and that the child had lived with them during this time. After the visitation privileges originally enjoyed by the father were curtailed, his attorney wrote the mother in an effort to arrange additional visitation, indicating to her that unless the matter could be settled voluntarily, he would petition the court for additional visitation rights. The mother responded that she intended to follow the provisions of the divorce decree and suggested that if the father were to take the matter to court, it could result in "more harm than good" for him.

At the conclusion of the evidence, the judge awarded custody of the 5-year-old child to the father, giving the mother visitation privileges on alternate weekends. In its findings of fact and conclusions of law, the court determined that the mother had been unduly influenced by her "almost dictatorial" husband; that her fitness as a parent had not been an issue in the case; that the issue before the court was what was in the best interest of the child; and that there had been a sufficient change in circumstances to warrant a change of custody in that the child should not be denied visitation with the father "at the whim of the stepfather." The court concluded that "the very fact that the mother and stepfather would accuse the father of sexual misconduct with the child when they were in fact living together without benefit of marriage, and when they could not prove those allegations" was itself sufficient to warrant a change in custody. *Held*:

1. The court did not err in refusing to grant appellant's request for continuance of the second hearing to enable her to pursue further discovery. "Such a decision rests within the sound discretion of the trial judge and will not be reversed on appeal absent palpable abuse of that discretion. [Cits.]" *Dobbs v. Cobb ENT Assoc.*, 165 Ga. App. 238, 239 (299 SE2d 141) (1983). In the present case, the trial court was authorized to conclude that the appellant had not been diligent in seeking the discovery she desired, notwithstanding the fact that she had changed attorneys four days prior to the hearing.

2. Appellant's second, third, and fourth enumerations of error are raised for the first time on appeal and consequently will not be considered by this court. See generally *In the Matter of J. S. S.*, 175 Ga. App. 361 (5) (333 SE2d 417) (1985).

3. Appellant assigns as error the court's refusal to order a second DFACS investigation of the allegations of child abuse on the part of the father. Pursuant to OCGA § 19-9-4 (a), the court "may" direct an

investigation of abuse allegations "if in the court's opinion the investigation would be useful in determining placement or custody of the child." Noting that the first DFACS investigation, which had been conducted at the request of the father, had failed to uncover evidence of any sexual misconduct toward the child, the court instructed the mother that if she wanted another investigation she would have to obtain it herself from another source. Although the father agreed to share the costs of such an investigation, the mother made no effort to obtain one. Under the circumstances, the court's refusal to order a second investigation cannot be considered an abuse of discretion.

4. Appellant's remaining enumerations of error concern the sufficiency of the evidence to support a change in custody. "The award of custody of a child of the parties in a divorce decree is conclusive unless there have been subsequently to the decree new and material changes in the conditions and circumstances *substantially affecting the interest and welfare of the child.* [Cits.] Though the trial judge is given a discretion, he is restricted to the evidence and unauthorized to change the custody where there is no evidence to show new and material conditions that affect the welfare of the child. [Cit.]" *Young v. Young,* 216 Ga. 521, 522 (118 SE2d 82) (1961). (Emphasis supplied.)

In the present case, the juvenile court's findings of fact and conclusions of law do demonstrate a change in circumstances subsequent to the divorce decree, relating primarily to the influence of the stepfather on the mother, the resultant curtailment of the father's visitation privileges, and the mother's general failure "to maintain open lines of communication" with the father with regard to important decisions affecting the child. In addition, the court specifically concluded that it was "not in the best interest of the child to be subjected to the denial of visitation by the father at the whim of the stepfather." However, the court made no finding that this change in circumstances had in fact had a material adverse effect on the child.

"[A] showing of changed conditions of [a parent] without a showing of its material effect on the child, is insufficient to warrant a change in custody." *Robinson v. Ashmore,* 232 Ga. 498, 502 (207 SE2d 484) (1974). It follows that the judgment of the juvenile court must be vacated and the case remanded for a determination of whether the child suffered any material adverse effect as a result of the changed circumstances. We note that if, upon reconsideration, the court finds it appropriate not to order a change in custody but merely to augment the father's visitation rights and to order that he be consulted with reference to decisions materially affecting the child, then no such finding of a material adverse effect resulting from the changed conditions need be made.

*Judgment vacated and case remanded with direction. Birdsong,*

*P. J., and Sognier, J., concur.*

DECIDED JANUARY 8, 1987.

*Everett D. Caldwell,* for appellant.
*C. Michael Walker,* for appellee.