74771. ELDER v. ELDER.
(361 SE2d 46)

BEASLEY, Judge.

We granted an application for discretionary appeal from a superior court to review a change of the custody of the two young sons of the parties from the mother to the father. According to the record which was subsequently sent up, the order changing custody on October 15, 1986, was not superseded as could have been done upon payment of costs. OCGA §§ 5-6-35 (h) and 5-6-46 (a). *Simpson v. Simpson*, 233 Ga. 17, 21 (209 SE2d 611) (1974). See also *Brandon v. Brandon*, 154 Ga. 661, 669 (7) (115 SE 115) (1922).[1] Thus it appears

---

[1] The superior court would not have had discretion to grant or deny supersedeas, as a

that the boys have been with the father since then. One boy turned fourteen on February 12, 1987, and the younger brother will be fourteen on November 19, 1988.

The transcript of evidence was not included in the appeal. Consequently, we are unable to examine the evidence to ascertain the basis for the court's findings of fact, and we must assume that they are supported. *Johnson v. Johnson*, 242 Ga. 339 (249 SE2d 22) (1978). Among the facts found was that "[t]he children would rather live with their father than move to South Carolina [with their mother]." As to the older boy, see OCGA § 19-9-3 (a).

Based on this and a number of other equally important facts and factors which the court took into account and which need no recitation here, as they are shown in its order, the court concluded that there was "a change of condition which substantially affects the welfare of the children" and that it would be in their best interest to change custody to their father. The court expressly recognized the prerequisite of these two elements. See *Evans v. Stowe*, 181 Ga. App. 489, 491 (4) (352 SE2d 811) (1987); *Gibson v. Pierce*, 176 Ga. App. 287 (335 SE2d 658) (1985); *Robinson v. Ashmore*, 232 Ga. 498, 501-502 (II) (207 SE2d 484) (1974).

We cannot rule that the court failed to apply the proper test or that, based on the facts as found, the conclusions were not supported as a matter of law. See, in connection with the circumstances in this case, *Parkerson v. Parkerson*, 167 Ga. App. 265 (306 SE2d 97) (1983).

*Judgment affirmed. McMurray, P. J., concurs. Sognier, J., concurs in the judgment only.*

DECIDED SEPTEMBER 10, 1987.

*Samuel H. Harrison, G. Hughel Harrison*, for appellant.
*C. Alan Mullinax*, for appellee.

juvenile court dealing with the same subject matter would have authority to do pursuant to OCGA § 15-11-64. This is true even though in the latter instance the case emanated from a superior court. See *Dixon v. Dixon*, 183 Ga. App. 756 (360 SE2d 8) (1987).