### 75643. MARSH v. WHITE.
(365 SE2d 464)

BEASLEY, Judge.

We granted Marsh's application to appeal an order of the juvenile court changing custody of her minor son to the natural father and an order denying her motion for new trial.

Appellant's seven enumerations of error are basically four: (1) the court's order was insufficient as a matter of law to change custody; (2) the court imposed a deprivation of child custody as an additional penalty to the offense of driving under the influence; (3) the court erroneously denied the motion for new trial and failed to issue findings of fact and conclusions of law upon which the denial was based; and (4) the court abused its discretion in ordering an instanter transfer of custody in light of the supersedeas effect of a motion for new trial and application for discretionary appeal.

1. Appellant maintains that there was no evidence that any adverse change in her circumstances had a material effect on the welfare of the child, which had to be shown before the court could exercise its discretion and change custody; that the court failed to apply the complete and correct legal standard; and that the findings relied upon by the court in changing custody were "tainted by conjecture, supposition and implication and were without basis [in] fact."

Appellant's election not to include a transcript of the evidence renders us unable to examine the evidence to ascertain the basis for the court's findings of fact, so we assume they are supported. *Johnson v. Johnson*, 242 Ga. 339, 340 (249 SE2d 22) (1978); see also as persua-

sive, *Elder v. Elder*, 184 Ga. App. 167, 168 (361 SE2d 46) (1987).

The court's detailed and lengthy order transferring custody contained the following findings among others: Since the divorce four years earlier, the mother had moved three times and was residing with the child and her then husband in a "clean, well-kept neighborhood"; she had had four job changes since the divorce and was currently employed with good income; her husband was employed as a real estate broker with good income; the child was often without adult supervision between the time he arrived home from school and the mother's return from work; the mother had had illicit sexual relations and a pregnancy which was terminated by abortion; the mother had been involved in two automobile accidents apparently as the result of her use of alcohol; she had had at least one charge of driving under the influence and several other traffic charges; she had participated in the illegal switching of a Georgia state license tag from one automobile to another; she had undergone psychiatric treatment and had taken prescribed medication for depression; her then husband had stayed overnight at the mother's home in the presence of the child prior to the couple's marriage; she excessively used alcohol and became intoxicated; and as a witness she was evasive, reluctant, contradictory, and non-committal. In the opinion of the court, the mother exhibited a lack of stability and structure in her lifestyle that was not in the best interest of the minor child.

The court then stated that, "[i]n cases such as this, a change of custody may be made upon a showing of substantial change in conditions materially affecting the interest and welfare of the child" and concluded that "there has been such substantial change as contemplated by the law, and further, that the best interest of said child would be served by placing custody with the plaintiff, with the defendant having reasonable visitation privileges."

The statement of the court thus shows that it utilized the appropriate legal standard to determine change of custody. OCGA § 19-9-1 (b); see *Evans v. Stowe*, 181 Ga. App. 489, 491 (4) (352 SE2d 811) (1987); *Robinson v. Ashmore*, 232 Ga. 498, 501-502 (II) (207 SE2d 484) (1974).

Appellant further argues that there is no evidence that the court-found changed circumstances materially affected the welfare of the child, which is prerequisite to changing custody, and what is more, that the court's finding that "the child is a bright, healthy, well adjusted, well mannered seven-year-old who loves both parents and gets along well with both" on its face would indicate that any changes of the mother's circumstance did not have a material effect on the child.

It is true that " '[t]he award of custody of a child of the parties in a divorce decree is conclusive unless there have been subsequently to the decree new and material changes in the conditions and circum-

stances *substantially affecting the interest and welfare of the child.* [Cits.] Though the trial judge is given a discretion, he is restricted to the evidence and unauthorized to change the custody where there is no evidence to show new and material conditions that affect the welfare of the child. [Cit.]' [Cit.]" *Evans v. Stowe,* supra at 491 (4).

Assuming the evidence supported the findings, as we must, the finding of fact recited is not, even without additional findings as to how the changed circumstances adversely affected the child, an insufficient basis, when considered in context, for the court's ultimate conclusion that the found and stated changes in circumstance materially affected the child's interest and welfare. "In determining whether or not a material change in circumstances substantially affecting the welfare of a child or children has taken place, the trial judge is vested with a discretion which will not be controlled by [the appellate] court unless it is abused." *Westmoreland v. Westmoreland,* 243 Ga. 77, 79 (252 SE2d 496) (1979). This court will affirm that decision if there is reasonable evidence to support it. *Blackburn v. Blackburn,* 168 Ga. App. 66, 71 (1) (308 SE2d 193) (1983). Inasmuch as the lower court's findings are supported as a matter of law, *Johnson* and *Elder,* supra, we cannot conclude that the court abused its discretion.

2. There is nothing in the record to support appellant's conjectural assertion that the court imposed the deprivation of custody as an additional penalty for her DUI. Although the court mentioned the offense, it was a fact and just one of numerous relevant circumstances cited by the court as establishing a change. It was not in any manner earmarked as determinative or dispositive of the court's ultimate decision, and it is not a fact which should have been ignored as a matter of law.

3. There is no merit to appellant's contention that the trial court erred in denying her motion for new trial and in not including findings of fact and conclusions of law in the order.

The motion was based upon what is known as the "general grounds," i.e., (1) that the verdict is contrary to the evidence and without evidence to support it, (2) that the verdict is decidedly and strongly against the weight of the evidence, and (3) that the verdict is contrary to law and the principles of justice and equity. See OCGA §§ 5-5-20; 5-5-21.

Where a judgment denying a party's motion for new trial is appealed and the motion was based solely on the general grounds, the only query on appeal is whether the evidence supported the verdict. *Daniels v. Hartley,* 120 Ga. App. 294 (170 SE2d 315) (1969). The posture of the appeal mandates the assumption that the judgment was supported by the evidence. See Division 1, supra.

Written findings of fact and conclusions of law are required to be made by the trial court in the record in contested child custody cases.

*Couch v. Couch*, 177 Ga. App. 773 (341 SE2d 303) (1986); see also, as persuasive, *Jordan v. Jordan*, 179 Ga. App. 155, 157 (1) (345 SE2d 675) (1986). The trial court had already satisfied such requirement in its order changing custody and it was not bound to again state findings of fact and conclusions of law in its order denying the motion for new trial. OCGA § 9-11-52 (b).

4. Lastly, appellant's contention that the court erred in ordering an instanter transfer of custody is likewise without merit. The parties stipulated that the court's order changing custody, as modified, would have immediate effect.

"In the absence of fraud or mistake, a party cannot complain of a judgment, order, or ruling that his own conduct produced or aided in causing. [Cits.]" *Imperial Massage &c. Studio v. Lee*, 231 Ga. 482 (2) (202 SE2d 426) (1973). No fraud or mistake having been alleged or shown appellant has no basis for complaint in this regard.

*Judgment affirmed. McMurray, P. J., and Sognier, J., concur.*

DECIDED JANUARY 14, 1988 —
REHEARING DENIED JANUARY 27, 1988.

*Hill R. Jordan*, for appellant.
*William S. Stone*, for appellee.