## 77391. RUSSELL v. WICKES LUMBER.
(378 SE2d 148)

BENHAM, Judge.

Wickes Lumber (Wickes) sold building materials to Russell on account, and when Russell failed to make payment, Wickes sued on the account. The case was tried before a jury, and the trial court entered judgment for Wickes in accordance with the verdict. Russell appeals from the judgment against him, raising 14 enumerations of error. We find that none of them has any merit, and we affirm the judgment.

1. Appellant complains that the trial court erred in refusing to grant his motion to compel Wickes to produce requested documents, in refusing to impose sanctions against Wickes for its late production of the documents, and in denying appellant a 10-day continuance to review the documents. We find no such errors. Appellant filed his motion to produce two months before the date of trial. The request did not specify a date or time by which the documents were to be produced. Wickes did not respond to the request, but Russell did not file his motion to compel until the day of trial, even though he had been given ample notice of the trial date. When Wickes received the motion to compel on the day of trial, it produced the discovery information sought. The trial court was within its discretion to rule that Wickes was in compliance with the request and to deny the continuance to allow appellant to review the material, inasmuch as appellant's motion to compel did not conform to the requirements set out in Uniform Superior Court Rules 6.3 and 6.4, and his request for a

continuance did not comply with Rule 8.5. There being no abuse of discretion in this matter, we will not interfere with the trial court's rulings. *Freeman v. Ripley*, 177 Ga. App. 522, 523 (339 SE2d 795) (1986).

2. While cross-examining Wickes' witness, appellant asked her whether she had seen a letter dated December 1987, in which he purportedly asked for the discovery he received just before the trial. The trial court ruled that the inquiry was improper and that the matter was irrelevant to the issues being tried. Appellant complains that the trial judge unduly restricted his right of cross-examination. We find that no such restriction occurred, since the evidence appellant sought to elicit was irrelevant to the case. "Evidence must relate to the questions being tried by the jury and bear upon them either directly or indirectly. Irrelevant matter should be excluded." OCGA § 24-2-1. "Questions of relevancy of evidence . . . are for the court, and in the absence of an abuse of judicial discretion, this court will not interfere. [Cit.] Thus, as here, where the evidence did not appear to be material [to] or illustrative of any issue in the case, its exclusion was not error. [Cit.]" *MacNerland v. Johnson*, 137 Ga. App. 541 (1) (224 SE2d 431) (1976).

3. We will not consider appellant's enumeration on appeal concerning the trial court's inquiry about his absence from the courtroom, inasmuch as appellant did not object to the question at trial. *DuBois v. Ray*, 177 Ga. App. 349 (5) (339 SE2d 605) (1985).

4. Appellant contends that the admission into evidence of five of appellee's exhibits was error. Exhibit 1 was appellant's commercial credit application; Exhibits 2 and 3 were lists of materials that appellant ordered and received from Wickes; Exhibit 4 was a set of bills sent for payment for the materials purchased; and Exhibit 5 was a letter appellee's attorney sent to appellant demanding payment for the materials. The first four exhibits were properly admitted under the business records exception to the hearsay rule, the proper foundation having been laid by the witness. OCGA § 24-3-14. See *Suarez v. Suarez*, 257 Ga. 102 (2) (355 SE2d 649) (1987). The witness through whom they were admitted testified that she was in charge of all of the books and payments, approved all the credit applications, and was familiar with the books and records of customer accounts; that the records were kept in the ordinary course of business under her supervision and control; that the entries in the business records were made at or near the time of each transaction that they reflect; and that she was familiar with appellant's account. The trial court did not err in admitting the evidence. As for the demand letter, the objections to it that appellant raised at trial differ from the ones he raises on appeal. He thereby failed to preserve his objection on that specific point; therefore, this court will not consider it. *Jeff Goolsby Homes Corp. v.*

*Thomas*, 181 Ga. App. 308 (4) (352 SE2d 172) (1986); *Cain v. State*, 178 Ga. App. 247 (3) (342 SE2d 742) (1986).

5. Appellant's enumeration that the trial court erred in refusing to let the complaint and answer go out with the jury has no merit. Pleadings are not evidence (*Behar v. Aero Med. Intl.*, 185 Ga. App. 845, 846 (366 SE2d 223) (1988)), and whether or not to allow the pleadings to go out with the jury is purely within the discretion of the trial judge. We find no abuse of discretion in this instance of refusal.

6. The trial court did not err in allowing appellee to offer evidence on the issue of appellant's having paid invoices for which there were no signatures. Appellant's contention that the invoices were not produced in response to his discovery motion has no merit. This issue was resolved in Division 1 of this opinion. Moreover, appellant raised the issue to which appellee sought to respond when appellant cross-examined the witness. Under the circumstances, appellant cannot be heard to complain, since his own conduct led to the judge's ruling. *Marsh v. White*, 185 Ga. App. 642 (4) (365 SE2d 464) (1988). Nor was there any error in holding the charge conference before appellee presented the evidence in question. The trial court stated that if appellant had additional charges based on the additional testimony, he could submit them. Appellant was not prejudiced with regard to the timing of the conference.

7. Appellant's contentions that the trial court erred in not giving his Requests to Charge Nos. 1 through 10 and in giving appellee's Request to Charge No. 3 have no merit. We have reviewed the jury charge as a whole and find that it was adequate, and that appellant's charges were either not adjusted to the evidence, essentially covered in the trial court's charge, or withdrawn. Therefore, it was not error to exclude them. See *State Farm Fire &c. Co. v. Morgan*, 185 Ga. App. 377 (2 b) (364 SE2d 62) (1987). Appellee's request to charge was properly given. In essence, it said that if a debtor fails to object to a statement of account given to him, the jury may infer that his failure to object implies an agreement on his part that the account was correct. Since appellant had failed to object to the statements of account offered in evidence at trial when given opportunities to do so, the jury instruction was a valid one.

8. The record does not support appellant's assertion that the trial court allowed "plaintiff's counsel to testify, not under oath, but before the jury, and without an opportunity for cross-examination" with regard to plaintiff's Exhibit 5, the demand letter. Moreover, appellant did not raise these grounds for his objection when the matter was discussed at trial, and so he has waived his right to do so here. See Division 4 of this opinion.

9. The trial court acted properly in denying appellant's motion for directed verdict. " 'A directed verdict is proper only where there is

no conflict in the evidence as to any material issue and the evidence introduced together with all reasonable deductions or inferences therefrom demands a particular verdict. [Cits.]' 'The standard of appellate review of the trial court's denial of a motion for a directed verdict is the "any evidence" standard. [Cits.]' " *State Farm Fire &c. Co. v. Morgan,* supra, Division 1. There was evidence that appellant had ordered and received materials from Wickes for which he had promised to pay and that he had not paid for the materials, despite the demands for payment that had been made. Appellant offered no defense. The trial court properly denied the motion.

10. Appellee seeks the imposition of $500 damages for frivolous appeal, in accordance with OCGA § 5-6-6. We deny the request.

*Judgment affirmed. McMurray, P. J., and Pope, J., concur.*

DECIDED JANUARY 24, 1989.

*George P. Graves,* for appellant.
*Howard H. Johnston, Jr.,* for appellee.