A89A1611. AMERICAN COMMUNITIES CORPORATION
v. RIHT MORTGAGE CORPORATION.
(392 SE2d 318)

POPE, Judge.

Appellant American Communities Corporation (ACC) appeals a verdict and judgment awarded to appellee RIHT Mortgage Corporation (RIHT). RIHT sued ACC for breach of contract and ACC counterclaimed for breach of contract, fraud and fraud in the inducement. ACC was a real estate developer. In 1985, ACC was developing a condominium project with a different twist. The project was located near the campus of Southern Tech and was intended to house Southern Tech students. ACC sought investors to buy the condominium units who would in turn rent to students. Because the loans were to be made to investors who would not live in the units, obtaining lenders for the project was more difficult. At this point, ACC sought the services of Developers Mortgage Company, a mortgage broker, to find permanent financing for the project. Thomas Stacey, a Developers vice president, testified that in the course of "shopping the loan" he mentioned it to an employee of RIHT. RIHT became interested and found a source of permanent financing and entered into a commitment with ACC to "originate and close first mortgage loans on investor owned properties" for the project. RIHT also agreed to pay Developers a brokerage fee on the loan commitment and additional fees as the individual loans closed. The commitment agreement between RIHT and ACC required ACC to pay RIHT $56,000 as a non-refundable commitment fee. ACC gave RIHT a check for this amount, but RIHT lost it. When RIHT asked ACC to replace it, ACC refused to pay because it was dissatisfied that no loans had closed.

1. In its first enumeration, ACC argues that the trial court erred in denying its motion for directed verdict on the issue of whether Developers was the agent of RIHT. ACC argues that the term "originate and close" in RIHT's commitment letter is capable of but one meaning: that RIHT had undertaken to find borrowers, take loan applications and to process the loans to closing. ACC argues that if the court had construed that term correctly it would then be compelled to find that Developers was the agent of RIHT. We find no merit in this argument. We need point only to the same case cited by the trial court,

*National Mfg. &c. Corp. v. Dekle*, 48 Ga. App. 515 (173 SE 408) (1933). The court in *Dekle* said in pertinent part: "It is rudimentary law that parol evidence can not generally be admitted to contradict or vary the terms of a written contract. But if the writing is ambiguous, evidence is admissible to explain the ambiguity. Or if the writing does not purport to contain all the stipulations of the contract, parol evidence is admissible to prove other portions thereof not inconsistent with the writing. . . . Where the language of the written instrument may be fairly understood in more ways than one, it should be taken in the sense put upon it by the parties at the time of its execution, and the court will hear evidence as to the facts and surroundings. As a general rule, the construction of a contract is a question for the court; but where the terms of a written instrument are ambiguous, its meaning should be left to the jury." (Citations, punctuation and indention omitted.) Id. at 521.

Trial of this case consumed six days and produced a transcript of nearly 1,000 pages. Several witnesses from the mortgage community testified and each had a different idea of what the term "originate and close" meant. Even ACC's own expert witness testified that the term meant what the lender wanted it to be. ("I would establish the rules at the very beginning as to what their definition of 'originate' is.") Further, the evidence showed that the contracts involved were only partly memorialized by the various letter agreements introduced into evidence. A directed verdict is proper only when there is no conflict in the evidence and a particular verdict is demanded. *Russell v. Wickes Lumber*, 190 Ga. App. 16 (9) (378 SE2d 148) (1989). Such was not the case here and the issue was submitted properly to the jury.

2. We have reviewed the court's charge on agency and find ACC's argument that it was confusing and misleading to be without merit.

3. The trial court directed a verdict in favor of RIHT on ACC's claim for fraud in the inducement and ACC now enumerates this as error. We find no error. ACC's fraud claim was based on its contention that it would not have entered the commitment agreement had it known that RIHT did not have private mortgage insurance lined up at the time of the agreement. However, the evidence is undisputed that RIHT did have private mortgage insurance available as was required by Item 11 in the agreement and ACC presented no evidence that any closing was lost due to RIHT's handling of the private mortgage insurance. Each of the five essential elements of fraud, including damage, must be shown to support an action for fraud. *Romedy v. Willett Lincoln-Mercury*, 136 Ga. App. 67 (2) (220 SE2d 74) (1975).

4. For the reasons set out above, the trial court did not err in refusing to grant ACC's motion for new trial.

*Judgment affirmed. Banke, P. J., and Sognier, J., concur.*

DECIDED MARCH 14, 1990 —
REHEARING DENIED MARCH 27, 1990 —

James W. McKenzie, Jr., for appellant.
McCalla, Raymer, Padrick, Cobb & Nichols, Carol V. Clark, Teresa L. Perrotta, for appellee.