A90A0167. ISAACS et al. v. WILLIAMS BROTHERS, INC. et al.
(395 SE2d 11)

McMURRAY, Presiding Judge.

Peggy Isaacs and Donald Isaacs (plaintiffs) brought an action against Williams Brothers, Inc., and John P. Coker (defendants) for damages which allegedly arose when defendant Coker drove his Williams Brothers, Inc., truck into the rear of Ms. Isaacs' vehicle. The case was tried before a jury and the evidence revealed the following:

On July 30, 1985, defendant Coker was employed as a truck driver for defendant Williams Brothers, Inc. At about 11:50 that morning, defendant Coker was returning to his place of employment after making a delivery for his employer when he collided into the rear of Ms. Isaacs' vehicle. Ms. Isaacs' vehicle was stopped at an intersection, yielding to an oncoming emergency fire truck. Ms. Isaacs was subsequently treated for serious bodily injuries. The jury returned a verdict for Ms. Isaacs in the amount of $15,154. Mr. Isaacs was awarded nothing for his loss of consortium claim. The $15,154 verdict was reduced by $10,000 to reflect personal injury protection benefits already paid to Ms. Isaacs. This appeal follows the denial of the plaintiffs' motion for new trial. *Held*:

1. In their first enumeration, the plaintiffs contend the trial court erred in charging the jury on sudden emergency.

" '[O]ne who in a sudden emergency acts according to his best judgment, or who, because of want of time in which to form a judgment, omits to act in the most judicious manner, is not chargeable with negligence.' [Cits.]" *Ware v. Alston*, 112 Ga. App. 627, 629 (1) (145 SE2d 721). In the case sub judice, it is apparent from the jury's verdict that defendant Coker was found to be negligent. Consequently, the charge on sudden emergency, even if it was not authorized by the evidence, was harmless.

2. Next, plaintiffs contend the trial court erred in charging the jury on comparative negligence.

"It is axiomatic that a party cannot complain of the giving of an instruction to the jury unless he objects thereto before the jury returns its verdict, stating distinctly the matter to which he objects and

the grounds of his objection. OCGA § 5-5-24 (a)." *Morris v. DeLong*, 183 Ga. App. 124, 125 (2) (358 SE2d 285). In the case sub judice, plaintiffs never complained of the trial court's charge on comparative negligence. Further, we find no blatant or prejudicial error in the charge of which the plaintiffs complain. See OCGA § 5-5-24 (c). Consequently, this enumeration presents nothing for review.

3. In their third enumeration, plaintiffs contend the trial court erred in excluding the deposition testimony of their medical expert regarding Ms. Isaacs' "permanent disability as a result of the collision."

An examination of the trial transcript shows that defense counsel objected to a portion of the deposition testimony of plaintiffs' expert witness, Dr. John P. Lenhart. Defense counsel complained that Dr. Lenhart's testimony was "unresponsive" and that "there was no foundation for the opinion stated therein." The trial court sustained the objection and excluded the following testimony:

"[Plaintiffs' attorney:] Doctor, what, if any, permanent disability will Mrs. Isaacs suffer? [Dr. Lenhart:] She has . . . had quite a few problems since I saw her in terms of as we develop the entire picture of what's actually wrong with her. It's fairly expensive. It involves closed head trauma in terms of the memory problems that have occurred, and which occurs when the brain is jarred from side to side. It bounces back and forth inside the skull. My specialty of rehabilitation medicine, that is what we treat. We treat closed head injuries. We have a whole head injury unit, and that is one of the common occurrences that happens. Not everybody gets this, but it depends upon the impact, and how much jarring actually occurs inside the skull as it bounces back and forth, and that's when the damage actually occurs — [Defendants' attorney:] I object to the responsiveness of the answer. Also, the fact there has been no foundation laid upon which he could state the opinions he just made. [Plaintiffs' attorney:] Just go ahead. [Dr. Lenhart:] I lost my train of thought. Based upon the extensiveness of her injury, including the head, the head damage in terms of the cognitive impairment afterwards, the recall problems, then we have the neck problems, which she originally came for. On top of that, we investigated and found the change in the low back, as well. I have not calculated what her impairment will be, but at least 20 percent total body. [Plaintiffs' attorney:] I have no further questions at this time."

The trial court did not err in excluding Dr. Lenhart's testimony. First of all, much of Dr. Lenhart's testimony was unresponsive to the question. Secondly, that part of the testimony which was responsive to the question did not relate to Ms. Isaacs' "permanent disability as a result of the collision." It related to Ms. Isaacs' disability generally. This testimony was irrelevant absent a foundation showing that Ms.

Isaacs' permanent disability was related to the collision. See OCGA § 24-2-1.

4. Finally, plaintiffs complain that the trial court erred in admitting certain medical records into evidence. However, we do not reach this enumeration because plaintiffs did not object to the medical records which were admitted into evidence by defendants. See *Russell v. Wickes Lumber*, 190 Ga. App. 16, 17 (3) (378 SE2d 148).

*Judgment affirmed. Sognier, J., concurs. Carley, C. J., concurs in Divisions 1, 2 and 4 and in the judgment.*

DECIDED MAY 9, 1990 —
REHEARING DENIED MAY 31, 1990 — 

*John H. Ridley, Jr.*, for appellants.
*Webb, Carlock, Copeland, Semler & Stair, Wade K. Copeland, Wayne D. McGrew III*, for appellees.