A91A0866. GEORGIA FARM BUREAU MUTUAL INSURANCE COMPANY v. MURPHY.
(411 SE2d 791)

SOGNIER, Chief Judge.

Carol Murphy brought suit against her automobile insurer, Georgia Farm Bureau Mutual Insurance Company (GFBM), seeking to recover the full value of her automobile which she alleged was totalled in an accident, plus attorney fees and penalties under OCGA § 33-4-6 (b). The jury found in her favor, and GFBM appeals.

1. Appellant contends the trial court erred by denying its motion for judgment notwithstanding the verdict as to the bad faith penalties and attorney fees because there was no evidence to support the verdict and as a matter of law it did not act in bad faith. In reviewing an award of bad faith penalties, "[t]he proper rule is that the judgment should be affirmed if there is any evidence to support it unless it can be said as a matter of law that there was a reasonable defense which vindicates the good faith of the insurer." *Colonial Life &c. Ins. Co. v. McClain*, 243 Ga. 263, 265 (1) (253 SE2d 745) (1979).

The transcript reveals that shortly before midnight on August 11, 1986, appellee was driving her Ford Taurus down a highway toward Baxley when she lost control of her vehicle, left the road, and travelled 444 feet before hitting a pecan tree. Although appellee was in-

toxicated at the time of the crash, appellant did not claim that her intoxication barred her from recovering under the policy. Evidence was adduced that after the collision and despite a flattened front right tire, appellee drove the car back onto the highway where, approximately 11 miles later, the right rear tire assembly fell off. Nevertheless, because the car was a front wheel drive vehicle, appellee was able to continue down the highway for another 20 miles, at which point the car caught on fire.

Appellee's expert, James Stone, stated that he was called to remove the car after the accident and that he examined it when it was brought to his son's body shop. He was able to observe the frame of the car's unitized body while it was hoisted on the wrecker, and he testified that the frame had been so warped by the impact with the tree that the car was totalled before it sustained the fire damage. He also testified that the severity of the damage could not be seen unless the car was raised off the ground. Stone estimated that the value of the car before the collision was $14,928 and that it had only salvage value of $300 to $400 afterward.

Three witnesses who had investigated the damage to appellee's car testified on appellant's behalf. Gerald Gill testified he appraised the car shortly after the collision when it had wheels only on the left side and thus was almost flat on the ground. He testified that he knew appellee's car had been involved in a collision with a tree before it caught on fire and that he knew the car had a unitized body. He stated that a car with a unitized body would have to be placed on a special machine designed to realign warped frames before it could be determined whether the damage to the unitized body could be repaired or would require replacement. Nonetheless, he did not have the car placed on such a machine nor did he even have it raised so that he could see the underlying damage. Instead, he limited his examination to kneeling on the ground and looking under the car "the best that I could." Based on this examination he concluded that the damage to the car from its impact with the tree was not sufficient to have totalled the car, but rather that the primary damage was caused by the fire. He estimated the damage to the car caused by the collision at $2,207.

Appellant's adjuster, Doug Vincent, testified that damage to a unitized body car did not necessarily mean the car was a total loss. He testified that he looked at appellee's car although he did not appraise it, and that he saw nothing indicating the impact with the tree was so severe that the car could not be repaired.

Two years after the accident and after appellee's suit had been filed, Richard Bryan, a consulting engineer, examined the car, which had been removed to Savannah. His deposition, which was read at trial, reflected that although he observed the car's undercarriage and

shot photographs of the "distorted metal" he observed there, when questioned as to what distorted the metal he responded that he was "not sure precisely what did this," although he attributed "some" of the damage to the car's impact with the road when the right rear tire assembly collapsed. Nothing in Bryan's deposition indicates that he examined the car so as to determine to what extent the collision may have damaged it, but rather it appears that he was focused exclusively on attempting to determine why the car caught fire.

Appellant contends it was entitled to judgment n.o.v. because the evidence established that its refusal to pay was not unfounded or frivolous, but instead was based on the reasonable ground that the car was totalled not because of the initial collision but because of appellee's failure to protect the vehicle after the collision as required by the policy. Appellant argues that the destruction of the vehicle was the result of fire and thus the damages appellee claimed were not recoverable under the policy. Given that appellant knew at the time the claim was investigated that the car was damaged by its collision with the tree *before* it was damaged by the fire, and that there was no question that appellant was liable under the policy for the damage stemming from that initial collision (appellee's intoxication notwithstanding), we find that the evidence fails to present a reasonable basis for appellant's failure to investigate the extent of the damage the car sustained as a result of the covered collision. We do not agree with appellant that disputed questions of fact regarding a collateral issue, i.e., the cause of the post-collision fire, constituted a "reasonable ground" for appellant to contest its liability for damages stemming from a covered claim. As to the covered claim, the transcript reflects that appellant never properly investigated whether the car was totalled by the initial collision. Rather, the evidence here established that appellant's appraiser and adjuster could not have seen the extent of the damage caused by the collision just by looking at the car without it being elevated and that appellant's engineer's investigation was centered solely on determining the cause of the fire damage. None of these witnesses could testify even at the time of trial to what extent the damages incurred were the result of the initial collision, although those damages were uncontrovertedly covered under the policy.

"[A] failure upon the part of [an insurer] to investigate [an] alleged loss or damage, and a denial upon the part of the company of any liability whatsoever upon the ground that such loss or damage was not recoverable under the policy, but arose from some cause not covered by the policy, may be considered as evidence of bad faith on the part of the insurance company in refusing to pay for such loss or damage." *Central Manufacturers Mut. Ins. Co. v. Graham*, 24 Ga. App. 199 (1) (99 SE 434) (1919). While, unlike *Graham*, the case sub judice does not demonstrate a *total* failure to investigate the facts

and circumstances surrounding the collision, neither is this case like the situation in *Progressive Cas. Ins. Co. v. Avery*, 165 Ga. App. 703, 704-706 (302 SE2d 605) (1983), in which the insurer investigated before disregarding the explanation given by its insured for a claim under the policy, and therefore was not obligated to expand its investigation to consider additional evidence proffered by the insured to corroborate the insured's version of the loss. Rather, the evidence adduced in the case sub judice, construed to support the verdict, reveals that although appellant investigated appellee's claim that her car was totalled by the collision, that investigation was focused so exclusively on determining that the post-collision and non-covered fire caused the damage that appellant's agents failed to take the necessary steps to enable them to determine the extent of the damage caused by the covered collision.

We do not agree with appellant that the case sub judice is analogous to *Pennsylvania &c. Ins. Co. v. Davis*, 186 Ga. App. 301, 302 (2) (367 SE2d 91) (1988), in which we reversed the verdict of attorney fees awarded the insureds pursuant to OCGA § 33-4-6. In that case, the insureds' expert did not testify regarding the cause of the damage to the insureds' property and no evidence was introduced to rebut the testimony by the insurer's expert that the damage was not caused by a covered event. In the case at bar, appellee adduced expert testimony that her car was totalled by the collision that occurred before the car sustained any fire damage, and the only testimony introduced by appellant to rebut this testimony was from an expert who had failed to examine the car properly when initially investigating the matter and who based his opinion on photographs taken years after the collision.

"The question of bad faith is for the jury unless it can be said that as a matter of law there was a reasonable defense which vindicates the insurer's good faith. [Cit.] Considering the issues in the case, we cannot conclude that [appellant's] defense was reasonable as a matter of law. [Cit.]" *St. Paul &c. Ins. Co. v. Snitzer*, 183 Ga. App. 395, 397 (2) (358 SE2d 925) (1987). The trial court did not err by denying appellant's motion for judgment n.o.v. See generally *Church's Fried Chicken v. Lewis*, 150 Ga. App. 154, 159 (1) (C) (256 SE2d 916) (1979).

2. In view of the evidence set forth above, which authorized the jury to conclude that appellee's automobile was totalled upon impact with the pecan tree, we find no error in the trial court's denial of appellant's motion for a new trial on the basis that the damage was not the result of an accident covered by the policy. See generally *Marsh v. White*, 185 Ga. App. 642, 644 (3) (365 SE2d 464) (1988). Given that there was evidence that the property covered by the policy was rendered valueless by the collision with the tree, it follows that

appellee did not breach the policy provision requiring her to protect the automobile from further damage when she continued to operate the totalled vehicle.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED OCTOBER 30, 1991.

*Highsmith & Highsmith, Robert S. Highsmith, Sr.*, for appellant.
*Emmett P. Johnson, Jr.*, for appellee.